**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jerry Don STANLEY, Appellee.**

**No. 01–96–01519–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1998.

Stacey Suzette Zipp, Houston, for Appellant.

Steven B. Crenshaw, Angleton, for Appellee.

Before SCHNEIDER, C.J., and HEDGES and NUCHIA, JJ.

## OPINION

SCHNEIDER, Chief Justice.

The Texas Department of Public Safety (DPS) appeals the county court at law's (trial court) reversal of the suspension of Jerry Don Stanley's driver's license. Stanley was arrested for driving while intoxicated, and his license was suspended for refusal to submit a breath specimen. Stanley requested an administrative hearing before an administrative law judge. The administrative law judge approved the suspension of Stanley's license, and Stanley appealed to the trial court. The trial court reversed the suspension of Stanley's license. On appeal, DPS contends that the 11–day notice of hearing requirement in

TEX. TRANSP. CODE ANN. § 724.041(b) (Vernon Pamph.1998) is calculated from the date the notice is mailed. We reverse and remand.

## FACTS

DPS sent Stanley a notice of a license suspension hearing in a letter dated June 27, 1996. The hearing was scheduled for and held on July 10, 1996. At the outset of the hearing, Stanley objected on the ground that he did not receive notice of the hearing until July 1, 1996, and thus, he did not receive the minimum 11–day notice set out in TEX. TRANSP. CODE ANN. § 724.041(b).

DPS introduced the testimony of Officer Rex Walker, the officer who arrested Stanley, into evidence at the administrative hearing in the form of an affidavit. The administrative law judge admitted this affidavit over Stanley's hearsay objection. In his affidavit, Walker stated he stopped Stanley on June 1, 1996, because Stanley was not driving in a single lane. Walker then formed an opinion that Stanley was intoxicated. Walker read the DWI statutory warnings to Stanley, who refused to submit a breath specimen. Walker also served Stanley with a notice of suspension of his driver's license that day.

In his findings of fact, the administrative law judge found that a reasonable suspicion existed on June 1, 1996, to stop Stanley and that probable cause existed to believe that Stanley was driving while intoxicated. The administrative law judge suspended Stanley's driver's license for 90 days.

Stanley timely appealed the administrative law judge's decision to suspend his driver's license to the trial court. In his petition to set aside the administrative order suspending his license, Stanley alleged that (1) the administrative hearing was held in violation of TEX. TRANSP. CODE ANN. § 524.032(a) (Vernon Pamph.1998) in that it was held 9 days—as opposed to the minimum of 11 days—after he received notice of the hearing and (2) the probable cause affidavit contained inadmissible hearsay. The trial court reversed the decision of the administrative law judge and found that the license suspension hearing was held in contravention of TEX. TRANSP. CODE ANN. § 724.041(b).

## STANDARD OF REVIEW

■ The provisions of chapter 724 of the Texas Transportation Code apply to the suspension of a license for refusal to submit to the taking of a specimen. TEX. TRANSP. CODE ANN. § 724.002 (Vernon Pamph.1998). Section 724.047 provides that chapter 524 of the Texas Transportation Code governs an appeal from an action of DPS following an administrative hearing. TEX. TRANSP. CODE ANN. § 724.047 (Vernon Pamph.1998). Section 524.002(b) of the Texas Transportation Code provides that the Administrative Procedures Act (APA), TEX. GOV'T CODE ANN. ch. 2001 (Vernon Pamph.1998), applies to a proceeding under chapter 524 to the extent it is consistent with chapter 524. TEX. TRANSP. CODE ANN. § 524.002(b) (Vernon Pamph. 1998). Under the APA, a trial court may reverse an agency determination only if the substantive rights of the appellant have been prejudiced because the administrative findings are in "violation of a constitutional or statutory provision," "in excess of the agency's statutory authority," are "made through unlawful procedure" are "affected by other error of law," are "not reasonably supported by substantial evidence," or are "arbitrary or capricious." TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon Pamph. 1998).

■ Each of these grounds for reversal presents a question of law. *Texas Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex.App.—San Antonio 1997, no writ). We exercise *de novo* review over questions of law in an APA appeal. *Texas Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 811 (Tex. App.—Houston [14th Dist.] 1997, no writ).

## THE ELEVEN DAY REQUIREMENT IN SECTION 724.041

In point of error one, DPS contends the county court erred in reversing the decision of the administrative law judge on the ground that DPS did not comply with section 724.041(b) of the Texas Transportation Code, which provides: "A hearing shall be held not earlier than the 11th day after the date the person is notified, unless the parties agree to waive this requirement, but before the effec-

tive date of the notice of suspension or denial." TEX. TRANSP. CODE ANN. § 724.041(b). This provision is silent on whether the 11 days is calculated from the time the notice is sent or from the time the notice is received.

Relying on section 159.9 of the Rules of Procedure for Administrative License Suspension Hearings, 1 TEX. ADMIN CODE § 159.9 (1997) (State Office of Administrative Hearings, Administrative License Suspension Hearings), DPS contends that this 11–day requirement is calculated from the date the notice of hearing is mailed. Section 724.003 of the Texas Transportation Code provides, "The department and the State Office of Administrative Hearings shall adopt rules to administer this chapter." TEX. TRANSP. CODE ANN. § 724.003 (Vernon Pamph.1998). Title 1, chapter 159 of the Texas Administrative Code applies to contested hearings concerning administrative suspension of drivers' licenses before the State Office of Administrative Hearings. 1 TEX. ADMIN CODE § 159.1. Section 724 of the Texas Transportation Code requires that the State Office of Administrative Hearing hold a hearing on suspension of a driver's license if the person who refused to submit a specimen requests one in a timely and correct fashion. See TEX. TRANSP. CODE ANN. § 724.041(a) (Vernon Pamph.1998). As stated above, section 724.041(b) does not address whether the 11 minimum day notice requirement is calculated from the day the notice of the hearing is mailed or received. Section 159 of the Texas Administrative Code, however, addresses this issue:

(d) The hearing shall be scheduled to occur no sooner than ten days after the date the notice of hearing was *sent* to the defendant unless the parties waive the ten day period. Generally, the hearing shall be scheduled to be held no later than 40 days after the defendant received or is presumed to have received the notice of suspension.

1 TEX. ADMIN CODE § 159.9(d) (emphasis added).

■ Section 159.9(d) of the Texas Administrative Code and section 724.041(b) of the Texas Transportation Code are not in conflict. Section 724.041(b) incorporates the minimum 10–day notice requirement set out in section 159.9 and is, in fact, more restrictive than section 159.9 in that there is a minimum 11–day notice requirement. Section 159.9(d) of the Texas Administrative Code simply fills a gap in section 724.041(b) of the Texas Transportation Code as to how the minimum notice of hearing requirement is calculated. That is, a person is notified when the notice of the hearing is sent.[1]

■ Applying this logic to the instant case, we conclude DPS properly complied with section 724.041(b). The administrative record indicates that the notice of the hearing was dated June 27, 1996. The copy of the notice of the hearing, which was sent to the State Office of Administrative Hearings, was postmarked June 27, 1996. The State Office of Administrative Hearings received the notice of the hearing on July 1, 1996, the same day Stanley received the notice of the hearing. The administrative law judge inferred that because the State Office of Administrative Hearings received the notice of the hearing on the same day as Stanley, DPS must have mailed the notice to Stanley on June 27, 1996. The hearing was held on July 10, 1996, or 14 days after the notice of the hearing was sent. Thus, the hearing was not held earlier than the 11th day after Stanley was notified.

We sustain point of error one. We reverse the decision of the trial court and remand for further proceedings consistent with this opinion.[2]

1. Although Stanley did not complain of the manner in which he received notice of the hearing, it should be noted that section 155.53 of the Texas Administrative Code provides that service of the *notice of hearing shall be made by personal delivery* to the party or to the party's representative by certified mail, return receipt requested, hand delivery, or via facsimile to the party's

address of record. *See* 1 TEX. ADMIN . CODE § 155.53 (1997)(State Office of Administrative Hearings, Rules of Procedure).

2. Because of our disposition of point of error one and because the Brazoria county court did not address the admissibility of the probable cause affidavit or whether the administrative law

judge's decision was supported by substantial evidence, we need not address DPS' remaining points of error.