TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00361-CV







Texas Department of Public Safety, Appellant



v.



David Fernandez, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 244,853, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING








 The Texas Department of Public Safety ("Department") appeals the county court
at law's reversal of the suspension of David Fernandez's driver's license. Fernandez was arrested
for driving while intoxicated, and his license was suspended for failing an intoxilyzer breath test. 
Fernandez requested an administrative hearing before an administrative law judge ("ALJ"). The
ALJ approved the suspension of Fernandez's license, and Fernandez appealed to the county court. 
The county court reversed the suspension of Fernandez's license based on insufficient notice of
hearing. On appeal, the Department contends that the 11-day notice of hearing requirement in
Texas Transportation Code section 524.032 is calculated from the date the notice is mailed and
that notice was sufficient. See Tex. Transp. Code Ann. § 524.032 (West 1999). We reverse the
judgment of the county court. 

 The facts in this case are undisputed. Fernandez was arrested for driving while
intoxicated ("DWI") and, after failing a breath test, was served with notice that the Department
was suspending his license. Subsequently, Fernandez requested an administrative hearing to
challenge the suspension pursuant to chapter 524 of the Texas Transportation Code ("Code"). 
See id. § 524.031. The Department scheduled the hearing for February 25, 1999 and notified
Fernandez of the setting in a letter dated February 12, 1999. Fernandez's counsel received the
letter on Tuesday, February 16, 1999. 

 At the outset of the hearing before the ALJ, Fernandez objected that notice of the
hearing was insufficient and that the setting did not meet the notice requirement in section 524.032
of the Code. See id. § 524.032(a). The ALJ proceeded with the hearing. Following the hearing,
the ALJ entered a decision sustaining the license suspension, which Fernandez appealed to the
Travis County court at law.

 Section 524.032 of the Code provides a timetable for administrative hearings to
suspend drivers' licenses and directs that such a hearing "shall be held not earlier than the 11th
day after the date on which the person requesting the hearing is notified of the hearing." Id. The
county court determined that section 524.032(a) of the Code obligated the Department to wait ten
days after Fernandez received notice before conducting a hearing. Thus, the earliest possible date
for a properly set hearing would be the eleventh day after receipt of the notice. Specifically, the
county court found that notice under chapter 524 is calculated from the date of receipt rather than
the date of mailing. Because Fernandez's hearing was held nine days after Fernandez actually
received notice, the county court reversed the ALJ's suspension order and remanded the cause to
the State Office of Administrative Hearings ("SOAH").

 On appeal, the Department contends that the county court exceeded its authority
when it reversed the suspension of Fernandez's license. In particular, the Department argues that
the court acted outside the scope of its authority by basing its reversal on an issue waived by
Fernandez. Even if Fernandez did not waive error with respect to the notice requirement by his
attendance at the hearing, the Department contends that the court should have deferred to the
ALJ's reasonable interpretation of the notice requirement. The Department urges that the notice
requirement is calculated from the date that the notice is mailed. Finally, the Department argues
that the county court exceeded the limits of its authority when it reversed the ALJ's decision
absent a showing by Fernandez that he was harmed. 

 Following a suspension of a driver's license, the driver is entitled to an
administrative hearing as well as judicial review of the decision. See id. §§ 524.031, .041. 
Proceedings under chapter 524 are governed by the Administrative Procedure Act ("APA") as
long as no conflict arises. See id. § 524.002(b). If a conflict does arise, the provision within
chapter 524 takes priority over the APA provision. See id. Under the APA, a court may reverse
an agency determination only if the substantive rights of the appellant have been prejudiced
because the administrative findings are in violation of a constitutional or statutory provision, are
in excess of the agency's statutory authority, are made through unlawful procedure, are affected
by other error of law, are not reasonably supported by substantial evidence, or are arbitrary or
capricious. See Tex. Gov't Code Ann. § 2001.174 (West 2000). These grounds for reversal
present questions of law which we review de novo. See Texas Dep't of Pub. Safety v. Stanley,
982 S.W.2d 36, 37 (Tex. App.--Houston [1st Dist.] 1998, no pet.).

 While no case has directly addressed the notice requirement established in section
524.032(a) of the Code, at least one court has considered the application of a notice requirement
with identical language, namely, section 724.041(b) of the Code. See id. at 36 (considering
whether the Department's notice satisfied the requirement established in section 724.041(b)). 
Section 724.041 of the Code provides the right to a hearing for a person whose license is
suspended by the Department following a refusal to submit to an intoxilyzer breath test; section
524.032(a) establishes the right to a hearing for a person whose license is suspended by the
Department following a failure of an intoxilyzer breath test. Compare Tex. Transp. Code Ann.
§ 724.041(b) (West 1999), with id. § 524.032(a). The common language of these two Code
provisions mandates that such hearings "shall be held not earlier than the 11th day after the date"
of notice. Compare Tex. Transp. Code Ann. § 524.032(a) ("A hearing requested under this
subchapter shall be held not earlier than the 11th day after the date on which the person requesting
the hearing is notified of the hearing unless the parties agree to waive this requirement. The
hearing shall be held before the effective date of the suspension."), with id. § 724.041(b) ("A
hearing shall be held not earlier than the 11th day after the date the person is notified, unless the
parties agree to waive this requirement, but before the effective date of the notice of suspension
or denial."). Both sections are silent with respect to the date from which the eleventh day is
calculated. See id. §§ 524.032(a), 724.041(b); see also Stanley, 982 S.W.2d at 38. In this
matter, Fernandez asserts that the calculation starts on the day that notice is received. The
Department counters that the calculation should commence on the day that the notice is mailed. 


 After a party requests a hearing to review a license suspension imposed after failing
an intoxilyzer test and is notified of the setting, the proceeding is conducted by an ALJ. See Tex.
Transp. Code Ann. § 524.033. The Legislature has conferred authority on SOAH to promulgate
agency rules concerning administrative license suspension hearings. See id. §§ 524.002(a),
724.003. Accordingly, SOAH has established agency rules pertaining to such hearings. See
generally 1 Tex. Admin. Code ch. 159 (1999). These rules, unlike the Code provisions,
expressly address the calculation of the notice requirement for license suspension hearings. 
Compare id. § 159.9(d), with Tex. Transp. Code Ann. §§ 524.032(a), 724.041(b). 

 In particular, section 159.9 of the Texas Administrative Code ("TAC") provides
that a hearing may be held "no sooner than ten days after the date the notice of hearing was sent
to the defendant." 1 Tex. Admin. Code § 159.9(d) (emphasis added). With respect to section
724.041(b) of the Texas Transportation Code, section 159.9 of Title 1 of TAC serves to "fill[]
a gap . . . as to how the minimum notice of hearing requirement is calculated." Stanley, 982
S.W.2d at 38 (discussing the interaction of section 159.9(d) of Title 1 of TAC and section
724.041(b) of the Code). Given the identical language and purposes of sections 724.041(b) and
524.032(a), no rational basis exists to conclude that section 159.9(d) serves a function other than
that of a "gap-filler" with respect to section 524.032(a) of the Transportation Code as well. We
hold that the notice requirement established in section 524.032 of the Code is calculated from the
date that notice is sent.

 We further conclude that the Department complied with section 524.032. The
administrative record reveals that notice of the hearing was dated February 12, 1999. The copy
of the notice that was sent to SOAH is also dated February 12, 1999. Moreover, Fernandez states
that he received the notice on February 16, 1999. Likewise, the copy sent to SOAH was received
on February 16, 1999. The SOAH hearing was held on February 25, 1999, the thirteenth day
after notice was sent. Ample evidence supports the conclusion that the Department complied with
the notice requirement. 

 Further, appellee is unable to demonstrate any harm suffered as a result of the
notice given in this case. He did not request a continuance and he participated fully in the
hearing, including issuing a subpoena to the main witness who appeared and testified. Therefore,
we sustain the Department's issue. Accordingly, we reverse the judgment of the county court and
render judgment in accordance with the administrative order authorizing the Department to
suspend Fernandez's driving privileges.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Rendered

Filed: April 6, 2000

Do Not Publish



de Ann. § 524.032(a) ("A hearing requested under this
subchapter shall be held not earlier than the 11th day after the date on which the person requesting
the hearing is notified of the hearing unless the parties agree to waive this requirement. The
hearing shall be held before the effective date of the suspension."), with id. § 724.041(b) ("A
hearing shall be held not earlier than the 11th day after the date the person is notified, unless the
parties agree to waive this requirement, but before the effective date of the notice of suspension
or denial."). Both sections are silent with respect to the date from which the eleventh day is
calculated. See id. §§ 524.032(a), 724.041(b); see also Stanley, 982 S.W.2d at 38. In this
matter, Fernandez asserts that the calculation starts on the day that notice is received. The
Department counters that the calculation should commence on the day that the notice is mailed. 


 After a party requests a hearing to review a license suspension imposed after failing
an intoxilyzer test and is notified of the setting, the proceeding is conducted by an ALJ. See Tex.
Transp. Code Ann. § 524.033. The Legislature has conferred authority on SOAH to promulgate
agency rules concerning administrative license suspension hearings. See id. §§ 524.002(a),
724.003. Accordingly, SOAH has established agency rules pertaining to such hearings. See
generally 1 Tex. Admin. Code ch. 159 (1999). These rules, u