# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00785-CV

Les Eckert and Aberdeen Insurance Services, Inc., Appellants

v.

Mike Geeslin,[1] in his official capacity as Commissioner of Insurance for the State of Texas and Texas Department of Insurance, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. GN303804, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Les Eckert and Aberdeen Insurance Services, Inc. ("Aberdeen") appeal from the trial court's order affirming an administrative order issued by the Commissioner of Insurance ("the Commissioner") in a disciplinary action brought by the Texas Department of Insurance ("TDI"), revoking Eckert's and Aberdeen's insurance licenses. In two issues on appeal, Eckert and Aberdeen argue that the trial court erred in affirming the Commissioner's administrative decision because (1) it was issued by unlawful procedure and in excess of the Commissioner's authority and (2) the Commissioner's order on rehearing created a new agency rule and thus violated the rulemaking procedures applicable to TDI. We affirm the trial court's order.

---

[1] We substitute Mike Geeslin, in his official capacity, as successor to Jose Montemayor, as Commissioner of Insurance. *See* Tex. R. App. P. 7.2(a).

**BACKGROUND**

At the time the administrative proceedings giving rise to this appeal began, Eckert and Aberdeen, an insurance agency wholly owned by Eckert, were both licensed by the State of Texas to engage in the business of insurance. On November 17, 2000, TDI sent notice of its intention to institute a disciplinary action against Eckert and Aberdeen for a number of violations of the insurance code. TDI filed a notice of hearing and initially obtained a hearing date at the State Office of Administrative Hearings (SOAH) for March 29, 2001, but the hearing was postponed numerous times due to settlement discussions and discovery disputes between the parties. In April 2002, before any hearing had been held, TDI received a new formal complaint against Eckert and Aberdeen from a policyholder. Based on this new information, TDI filed a second amended notice of hearing to include additional allegations of misconduct.

On April 8, 2002, in a separate administrative proceeding, the Commissioner issued an official order placing Aberdeen under supervision (the "supervision order"), stating, "It appears to the Commissioner, and it is his opinion, that [Aberdeen's] condition is such as to render the continuance of its business hazardous to the public." *See* Tex. Ins. Code Ann. § 441.053 (West 2009) (insurer may be placed under supervision if Commissioner determines that insurer has exceeded its powers and requires supervision); *see also id.* § 441.052(7) (West 2009) (insurer exceeds its powers if it "is in a condition that makes the insurer's continuation in business hazardous to the public").[2] The supervision order provided that supervision would be abated upon a showing

---

[2] Aberdeen was placed under supervision pursuant to the predecessor statute to chapter 441 of the insurance code. Because the predecessor statute was recodified without substantive changes, we will refer to the current version of the statute. *See* Act of May 24, 2005, 79th Leg., R.S., ch. 727, §§ 18-19, 2005 Tex. Gen. Laws 1752, 2186-87.

that Aberdeen had complied with certain requirements, including the elimination of any premium deficit, the provision of certain financial records to the supervisor, and the implementation of a plan of rehabilitation. *See id.* § 441.053(a)(2) (Commissioner shall provide insurer with written list of requirements for abatement of supervision). The supervision order then stated:

> The Commissioner hereby notifies [Aberdeen] that on a date certain, with proper notice to [Aberdeen], a hearing will be convened and conducted at the State Office of Administrative Hearings . . . to determine whether [Aberdeen] has fully complied with this Order, and has met all requirements, as set forth in this Order, to abate the determination.

Meanwhile, TDI proceeded with the disciplinary action against Eckert and Aberdeen, taking depositions and filing a motion to reset the hearing for October 2002. The hearing was postponed due to the withdrawal of Aberdeen and Eckert's counsel, and was ultimately held in January 2003. After the hearing, the record remained open to allow Eckert and Aberdeen to produce evidence of repayment of premiums to policyholders, and an additional hearing to consider such evidence was held in April 2003. On August 14, 2003, the Commissioner issued an official order (the "revocation order") adopting the proposal for decision filed by the administrative law judge and revoking Eckert's and Aberdeen's licenses to engage in the business of insurance. Eckert and Aberdeen then filed a motion for rehearing, which the Commissioner denied by official order.

On October 15, 2003, the Commissioner issued an order releasing Aberdeen from supervision, stating that because Aberdeen's license had been revoked as the result of a disciplinary proceeding and it was no longer conducting business, "Aberdeen's condition is no longer such as to render the continuance of its business hazardous to the public and that, consequently, supervision is no longer necessary."

3

Eckert and Aberdeen sought judicial review of the revocation order. The trial court affirmed the order, and this appeal followed. In two arguments on appeal, Eckert and Aberdeen argue that the trial court erred in affirming the Commissioner's decision because (1) the revocation order was issued by unlawful procedure and in excess of the Commissioner's authority and (2) the Commissioner's order on rehearing created a new agency rule and thus violated the rulemaking procedures applicable to TDI.

## STANDARD OF REVIEW

Eckert and Aberdeen's points on appeal present questions of law, which we review de novo. *See Texas Dep't of Pub. Safety v. Stanley*, 982 S.W.2d 36, 37 (Tex. App.—Houston [1st Dist.] 1998, no pet.). When reviewing an appeal from judicial review of an agency decision, we may not substitute our own judgment "for the decision of the state agency on questions committed to agency discretion." *Texas Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors*, 24 S.W.3d 893, 898 n.4 (Tex. App.—Austin 2000), *rev'd on other grounds*, 92 S.W.3d 477 (Tex. 2002). However, "questions of law are not left to agency discretion and so are subject to de novo review." *Id.*

## DISCUSSION

*The Commissioner's Authority to Issue the Revocation Order*

In their first issue on appeal, Eckert and Aberdeen argue that the revocation order was issued by unlawful procedure and in excess of the Commissioner's authority. This argument is based on Eckert and Aberdeen's contention that the supervision order, by stating that a hearing would be held to determine if Aberdeen had met the requirements for abatement of supervision, created "a

4

private, binding regulation," and that the Commissioner exceeded his authority by "ignoring his own mandated procedure" and issuing the revocation order without first holding a hearing related to the supervision order. Eckert and Aberdeen acknowledge that the insurance code does not require a hearing in supervision proceedings, but argue that by stating in the supervision order that a hearing would be convened, the Commissioner "bound himself and his agency" to hold a hearing. *See* Tex. Ins. Code Ann. § 441.105 (West 2009) (on motion of Commissioner or party of record, "a hearing *may* be scheduled relating to an insurer under supervision") (emphasis added).

We must first note the distinction between license-revocation proceedings conducted according to the Commissioner's disciplinary power, *see id.* §§ 81.001-85.052 (West 2009), and supervision proceedings conducted pursuant to the Commissioner's power to provide for the rehabilitation and conservation of insurers, *see id.* §§ 441.001-.351 (West 2009). In a disciplinary proceeding, the Commissioner may, among other things, cancel or revoke a party's license to engage in the business of insurance in Texas if the party is in violation of the insurance code or the Commissioner's rules. *See id.* § 82.051. In a supervision proceeding, the Commissioner may place an insurer under supervision upon a determination that the insurer is insolvent, that it has exceeded its statutory powers, or that it has failed to comply with the law. *See id.* § 441.053. The purpose of a supervisory proceeding is to rehabilitate a troubled insurer, preserve the insurer's assets, avoid the necessity of a receivership, and promote public confidence in insurance and insurers. *Id.* § 441.001(e). Based on the separate and distinct nature of supervisory and disciplinary proceedings, the Commissioner's failure to hold a hearing related to Aberdeen's supervision order has no effect on the disciplinary proceeding that resulted in the revocation of Eckert's and Aberdeen's licenses.

5

Furthermore, this Court has previously addressed, in an unpublished opinion involving the parties to this appeal and the supervision order at issue here, the question of whether the Commissioner is required to hold a hearing if the supervision order states that a hearing will be convened to determine whether the party has met the requirements for abatement of supervision. *See Eckert v. Montemayor*, No. 03-04-00507-CV, 2005 Tex. App. LEXIS 2376 (Tex. App.—Austin Mar. 31, 2005, no pet.).[3] In that case, we stated:

> Notably, the order does not state that the *only* means of release from supervision is through a hearing. The text of the order does not foreclose situations in which the Commissioner might release Aberdeen Insurance from supervision without conducting a hearing. Instead, it only establishes that the Commissioner would hold a hearing before applying any [chapter 441] sanctions or remedies. This is the sort of procedural protection that [chapter 441] envisions. Such a hearing affords Aberdeen Insurance the opportunity to show full compliance with the supervision order, to obtain release from supervision, and to oppose the imposition of sanctions. But requiring a hearing any time the Commissioner decides to *release* an insurer from supervision, as Aberdeen Insurance and Eckert would here, would be an empty formality not anticipated by either [chapter 441] or the order. This is especially true when, as here, Aberdeen Insurance was no longer acting as an insurer at the time it was released from supervision.

*Id.* at *21-22.

---

[3] This appeal resulted from an original action filed by Aberdeen and Eckert against TDI, the Commissioner, and a TDI staff attorney in September 2003, shortly after Aberdeen's and Eckert's licenses were revoked. *See Eckert v. Montemayor*, No. 03-04-00507-CV, 2005 Tex. App. LEXIS 2376, at *8 (Tex. App.—Austin Mar. 31, 2005, no pet.). Eckert and Aberdeen alleged that TDI violated their due process rights by pursuing disciplinary action before a hearing was held to determine Aberdeen's compliance with the supervision order and that the TDI staff attorney violated their due process rights by advising them of their right to a hearing regarding the supervision order and then intentionally refusing a hearing. *See id.* at *8-9.

Our reasoning in *Eckert* continues to apply in the present appeal. Assuming without deciding that the Commissioner's language in a supervision order could create "a mandated procedure" for providing a hearing not required by statute, the language of the supervision order in this case did not do so. Eckert and Aberdeen's first issue is overruled.

*Agency Rulemaking*

In Eckert and Aberdeen's second issue on appeal, they argue that the Commissioner's order denying their motion for rehearing constituted improper agency rulemaking. In the order on rehearing, the Commissioner addressed an argument made in Eckert and Aberdeen's motion for rehearing that their licenses should not have been revoked on the basis of a finding that they failed to timely remit certain premiums because there is no definition of what is considered "timely" relative to the remittance of premiums by an agent. In response to this argument, the Commissioner stated:

> [Eckert and Aberdeen] failed to forward the premiums to prevent the cancellations of the policies that the insureds had already paid to them. Despite any lack of definition, [Eckert and Aberdeen] failed to remit the premiums collected in order to sustain the policies of insurance. Such total failure to remit[] by [Eckert and Aberdeen] was a total abrogation of their obligation to remit to the insurers to maintain the policies and includes the responsible act of remittance at a time ("timely") to avoid the cancellation of the insureds' policies.

On appeal, Eckert and Aberdeen argue that the order on rehearing improperly created a definition of "timely" without following the agency rulemaking procedures required by the Administrative Procedure Act (APA). *See* Tex. Gov't Code Ann. § 2001.005(a) (West 2008) ("A state agency rule . . . is not valid or effective against a person or party, and may not be invoked by

7

an agency, until the agency has indexed the rule . . . and made it available for public inspection as required by this chapter.").

"Not every statement by an administrative agency is a rule" for purposes of the APA. *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 443 (Tex. 1994). Rather, the rulemaking procedures required by the APA apply only to "state agency statement[s] of general applicability" that implement, interpret, or prescribe law or policy or describe the procedure or practice requirements of a state agency. Tex. Gov't Code Ann. § 2001.003(6) (West 2008) (defining "rule"). The APA definition of "rule," in referring to statements of general applicability, "does not reference statements made in determining individual rights," but only those statements that "affect the interest of the public at large such that they cannot be given the effect of law without public input." *Railroad Comm'n of Tex. v. WBD Oil & Gas Co.*, 104 S.W.3d 69, 79 (Tex. 2003).

In the present case, the Commissioner did not create a definition of "timely" to be generally applied to all disciplinary proceedings, but made a statement limited solely to a determination of Eckert's and Aberdeen's individual rights. Furthermore, the Commissioner did not create a technical definition of "timely" at all, but simply held that in Eckert and Aberdeen's case, their failure to remit premiums in time to avoid policy cancellation constituted a failure to timely remit premiums. As a result, we hold that the Commissioner's order on rehearing did not constitute improper agency rulemaking. Eckert and Aberdeen's second issue is overruled.

**CONCLUSION**

Because we hold that the trial court did not err in affirming the Commissioner's administrative decision revoking Aberdeen's and Eckert's licenses, we affirm the trial court's order.

8

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson[4]

Affirmed

Filed:   May 14, 2009

_____

[4] Because Chief Justice Law was originally assigned to author this opinion, the panel was reassigned as of March 2, 2009.