**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Michael Anthony VALDEZ, Appellee.**

**No. 04–96–00555–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 19, 1997.

Floyd M. Akers, Senior Hearing Examiner, Andres Cedillos, Assistant Director of Hearings, San Antonio, Shannon M. Fitzpatrick, Assistant General Counsel, Austin, for Appellant.

Robert A. Valdez, Law Offices of Robert A. Valdez, John J. "Bud" Ritenour, Jr., San Antonio, for Appellee.

Before RICKHOFF, STONE and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

The Texas Department of Public Safety appeals a trial court judgment that vacates an agency order suspending Michael Anthony Valdez's driver's license. The Department argues the trial judge erred in vacating the order in the absence of the agency record, while Valdez argues the trial court acted properly because the Department failed to file the agency record in the trial court by the time his case was called to trial. We agree with the Department and therefore reverse the trial court's judgment and, in the interest of justice, remand this case for a new trial.

### FACTUAL AND PROCEDURAL BACKGROUND

Michael Anthony Valdez's license was automatically suspended because he refused to submit to a breath test after being stopped for driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamp. 1997). An administrative law judge sustained the order, *see id.* §§ 724.041–.043, and Valdez appealed to the county court. *See id.* §§ 724.041(g) (sections 524.040–.044 apply to chapter 724 suspension order), 724.047 (chapter 524 governs appeal of chapter 724 suspension order), 524.041(a) (authorizing appeal).

In his petition for judicial review, Valdez alleged the suspension order was invalid because "there was no evidence that probable cause existed to stop [him]." However, when his case was called for trial, Valdez abandoned his pleaded ground for reversal and instead argued the trial court was required to vacate the suspension order because the Department had not filed the agency record in the trial court by the date set for trial. The trial judge agreed with Valdez's argument on the record at the hearing, but her later judgment vacated the suspension order without stating a reason.

The record reflects, and the parties agree, Valdez asked the State Office of Administrative Hearings (SOAH) to prepare the agency record on some unspecified date, he mailed payment for the record to SOAH on April 9, SOAH mailed the record to the trial court on April 29, and it was filed on May 1, 1996.

## SCOPE AND STANDARD OF REVIEW

An appeal of a chapter 724 license suspension order is governed by chapter 524 of the Texas Government Code. TEX. TRANSP. CODE ANN. § 724.047 (Vernon Pamp.1997). Accordingly, to the extent it is consistent with chapter 524, the Administrative Procedures Act (APA) applies. *Id.* § 524.002(b). Under the APA, a trial court may reverse an agency determination only if the appellant's "substantial rights" "have been prejudiced,"and the agency's decision is "in violation of a constitutional or statutory provision," "in excess of the agency's statutory authority," is "made through unlawful procedure," is "affected by other error of law," is "not reasonably supported by substantial evidence," or is "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon Pamp.1997). In reviewing the agency's order, the trial court is bound by the agency record unless the appellant alleges "procedural irregularities . . . that are not reflected in the record." *Id.* § 2001.175(e); *see also* TEX. TRANSP. CODE ANN. § 524.043(a)–(b); 1 TEX. ADMIN. CODE §§ 159.37(d), (h) (West 1997).

■ Each of the grounds for reversal listed in section 2001.174(2), including substantial evidence review, presents a question of law. *See Firemen's & Policemen's Civ. Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). Accordingly, because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts," *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992), we review the trial court's judgment in this case *de novo. See State v. Heal,* 917 S.W.2d 6, 9 (Tex.1996) ("review questions of law without deference to a lower court's conclusion").

## DISCUSSION

■ In its sole point of error, the Department argues the trial court erred in reversing the suspension order in the absence of the agency record. According to the Department, because subsection d of section 2001.175 of the APA required Valdez to offer the agency record into evidence and he failed to carry this burden, the trial court was required to affirm the order. *See* TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon Pamp.1997).Valdez, on the other hand, contends his duty to offer the agency record into evidence never arose because the Department failed to carry its burden under subsection b of section 2001.175 to file the agency record in the trial court at least by the date set for trial. *See id.* § 2001.175(b). To resolve the Department's appeal, therefore, we must first review the statutory scheme for appealing a license suspension order and determine .who bore the burden of filing the agency record in the trial court.

■ The Department correctly asserts that section 2001.175(d) of the APA requires "[t]he party seeking judicial review" to "offer . . . the state agency record into evidence as an exhibit." *Id.* § 2001.175(d). But requiring Valdez to offer the agency record into evidence at trial does not require Valdez to file the agency record in the trial court in the first instance. We therefore reject the Department's argument to the extent it contends that subsection d, standing alone, required the trial court to affirm the suspension order. However, we also reject Valdez's argument that subsection b authorized the trial court to vacate the agency order because the Department failed to timely file the agency record in the trial court.

On its face, section 2001.175(b) of the APA requires the state "agency" to file the agency record in the trial court by the date the agency's answer is due unless this filing deadline is extended by the trial court. *Id.* § 2001.175(b). However, for purposes of the APA, "state agency" means not only departments with statewide jurisdiction, like the Department, but also, "for the purpose of determining contested cases," "the State Office of Administrative Hearings." *Id.* § 2001.003(7) Subsection b does not, there-

fore, necessarily require the Department to file the agency record in the trial court, and it, like subsection d, fails to answer the question presented by the Department's appeal. The answer lies instead in section 159.37(f) of the Texas Administrative Code.

■ Section 159.37(f), a rule promulgated by the State Office of Administrative Hearings for the preparation of agency records arising out of suspension proceedings, provides:

> A person who appeals a suspension may obtain a transcript of the administrative hearing by sending a written request to the [State Office of Administrative Hearings] within ten days of filing the appeal and paying the applicable fees. The fees shall not exceed the actual cost of preparing or copying the transcript, and *upon payment thereof, the Office shall promptly furnish the reviewing court and both parties a certified copy of the record.*

1 TEX. ADMIN. CODE § 159.37(f) (West 1997) (emphasis added). It is thus not the Department but SOAH that bears the burden of filing the agency record in the trial court, and this burden is not imposed unless and until the appealing party pays SOAH's fee. *Id.; see also* TEX. TRANSP. CODE ANN. § 524.002(a)–(b) (Vernon Pamp.1997) (SOAH required to promulgate rules to administer chapter 524, and the APA applies only to the extent it is consistent with chapter 524).

As noted above, the parties agree, and the record reflects, Valdez mailed payment for the agency record to SOAH on April 9, SOAH prepared the record and mailed it to the trial court and the parties twenty days later on April 29, and the record was filed on May 1. Under these circumstances, we hold SOAH complied with its duties under section 159.37(f) as a matter of law. Accordingly, even if we assume the Department could be held responsible for an untimely filing by SOAH—an issue we need not and do not reach—we also necessarily hold the trial court erred in reversing the suspension order because the agency record was not filed by the date Valdez set his case for trial. Additionally, since Valdez presented no evidence establishing a ground for reversal the trial court was not authorized to reverse the sus-

pension order for any other reason. *See* TEX. GOV'T CODE ANN. §§ 2001.174 (bases for reversal), 2001.175(d) (burden on appealing party to offer agency record into evidence at trial) (Vernon Pamp.1997).

## CONCLUSION

In the absence of an agency record, the trial court erred in reversing the suspension order in the mistaken belief it was the Department's burden to file the record in the trial court before trial or for any other reason. We therefore sustain the Department's point of error, reverse the trial court's judgment and, in the interest of justice, remand this case to the trial court for a new trial. *See* TEX.R.APP. P. 43.3(b) ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: ... the interests of justice require a remand for another trial."); *See Westgate, Ltd. v. State,* 843 S.W.2d 448, 455 (Tex.1992) (remand in the interest of justice appropriate when case not fully developed at first trial and when first trial on wrong theory). To do otherwise would deprive Valdez of a trial on the alleged lack of probable cause because of the trial court's misunderstanding of the law.