## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

## Alyn Raye KUSENBERGER, Appellee.

### No. 04–98–00606–CV.

Court of Appeals of Texas, San Antonio.

June 14, 2000.

Rehearing Overruled July 12, 2000.

---

Andres Cedillos, Asst. Director of Hearings, J. Frank Davis, Attorney IV – Hearings Atty., San Antonio, Melissa Milich, Hearing Atty., Corpus Christi, Texas Dept. of Public Safety, for Appellant.

Marvin B. Zimmerman, The Zimmerman Law Firm, P.L.L.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LOPEZ, Justice.

## OPINION

Opinion by: ALMA L. LOPEZ, Justice.

This court's opinion and judgment dated May 10, 2000, were withdrawn by order dated May 19, 2000. This court's opinion and judgment dated March 24, 1999 are withdrawn, and this opinion and judgment are substituted. Appellant's motion for rehearing is granted.

The appellant, the Texas Department of Public Safety (DPS), appeals the trial court's judgment reversing an administrative law judge's order suspending the driv-

er's license of the appellee, Alyn Raye Kusenberger. The trial court reasoned that substantial evidence did not exist that Kusenberger refused to give a specimen. Because we disagree, we reverse the judgment of the trial court.

Chapter 724 of the Texas Transportation Code (the Code) covers the suspension of a person's driver's license if the person is arrested for DWI and refuses to submit to the taking of a breath or blood specimen at the request of a police officer. *See* TEX. TRANS. CODE ANN. §§ 724.000–724.064 (Vernon 1999). While the Code authorizes the arresting officer to request a specimen of either breath or blood,[1] section 724.035 of the Code permits the DPS to suspend a person's license if the person refuses "the request of a police officer to the taking of *a specimen.*" *Id.* § 724.035 (emphasis added). As a result, the issues at a driver's license suspension hearing for the refusal to submit a specimen are:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

TEX. TRANSP. CODE ANN. § 724.042. If the administrative law judge (ALJ) makes an affirmative finding on each of these issues, the ALJ will issue an order authorizing the DPS to suspend the individual's driver's license. A suspension order, however, is appealable to the trial court. *Id.* § 724.047.

■ Section 2001.174 of the Texas Government Code governs an appeal from a driver's license suspension order. *See* *Texas Dept. of Public Safety v. Valdez,* 956 S.W.2d 767, 769 (Tex.App.-San Antonio 1997, no pet.). Under this provision, a trial court may reverse an agency determination if a substantial right of the appellant has been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence considering the record as a whole. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon Supp.2000). Substantial evidence requires only a mere scintilla of evidence. *See Railroad Comm'n of Texas v. Torch Operating Co.,* 912 S.W.2d 790, 792–93 (Tex.1995). Under this standard, the reviewing court considers the reasonableness of the ALJ's order, not the order's correctness. *See Ott v. Texas Dep't of Public Safety,* 958 S.W.2d 294, 295 (Tex.App.-Austin 1998, no pet.); *Texas Dep't of Public Safety v. Raffaelli,* 905 S.W.2d 773, 775 (Tex.App.-Texarkana 1995, no pet.). The court of appeals reviews the trial court's substantial evidence review *de novo.* *Valdez,* 956 S.W.2d at 769. In the instant case, we find that the evidence supports the reasonableness of the ALJ's order. Because the first three issues of the license suspension hearing are not controverted in this appeal, we limit our discussion to the controverted issue: whether Kusenberger refused to submit a specimen.

■ The ALJ found that "Officer Thompson ... asked [Kusenberger] to submit *a specimen of breath,*" and that, "[a]fter being asked to submit *a specimen of breath,* [Kusenberger] refused to submit a specimen." The evidence, however, indicates that Officer Thompson asked Kusenberger to submit a specimen of blood-not breath. Specifically, Thompson testified that he asked Kusenberger, "would you please give us *a specimen of your blood,*" and that Kusenberger refused. Although this testimony differs from the ALJ's findings about what type of specimen Thompson requested, the ALJ is not required to

1. *See* TEX. TRANS. CODE ANN. § 724.016 (breath); *id.* § 724.017 (blood).

specify the type of specimen the officer requested. *See id.* §§ 724.042, 724.043. Nor was this difference ever controverted in the trial court. Instead, the controverted issue was whether Kusenberger was capable of consenting to Thompson's request. At the hearing and in the trial court, Kusenberger's attorney contended that Kusenberger sustained a head injury during an automobile accident that prevented her from making "a conscious decision to deny the test." This issue served as the basis for the trial court's judgment to set aside the suspension order. After reading the reporter's record for the hearing, and hearing arguments from the attorneys about Kusenberger's consciousness, the trial judge stated, "I am going to find that she did not refuse the test." The trial judge, however, misapplied the substantial evidence test.

 Under a substantial evidence review, the trial court is tasked with determining whether some reasonable basis exists in the record for the action taken by the ALJ. *See Torch Operating Co.,* 912 S.W.2d at 792; *Valdez,* 956 S.W.2d at 769. Here, Officer Thompson testified that, when he questioned Kusenberger about what injuries she had, Kusenberger responded, "[m]y legs," and he did not observe any injury to Kusenberger's head. Thompson also testified that he smelled intoxicants on Kusenberger's breath, and that he determined that Kusenberger was intoxicated after conducting the horizontal gaze nystamus test. Likewise, Officer Bjudstadt, the first officer to encounter Kusenberger at the scene of a traffic accident, testified that Kusenberger told him that her legs hurt and that she twice refused treatment by EMS before requesting treatment. Officer Bjudstadt also testified he smelled alcohol on Kusenberger's breath and that she told him, "I did have a drink." Although the ALJ erred administratively in memorializing her findings in writing, this evidence supports the reasonableness of the ALJ's finding that Kusenberger refused to submit a specimen.

Thus, the trial court erred, because instead of determining the reasonableness of the ALJ's finding, the trial judge determined that the ALJ was *incorrect* in her finding. The trial court, however, may not substitute its judgment for that of the ALJ on controverted issues of fact in a substantial evidence review. *See Torch Operating Co.,* 912 S.W.2d at 792–93. Because the evidence supports the reasonableness of the ALJ's order, we reverse the judgment of the trial court and reinstate the ALJ's order.

HARDBERGER, Chief Justice, dissenting opinion.

HARDBERGER, Chief Justice, dissenting.

The majority concedes that the officer's testimony that he requested Kusenberger to submit a specimen of blood does not support the ALJ's finding that Kusenberger failed to submit a specimen of breath. The majority, however, discounts the lack of evidence to support the ALJ's finding because the majority asserts that the statute does not require the ALJ to specify the type of specimen the officer requested. The majority concludes that the trial court was charged in determining the reasonableness of the ALJ's finding, not whether the finding was correct. The majority reverses the trial court's judgment "[b]ecause the evidence supports the reasonableness of the ALJ's order." Because I believe the majority misinterprets section 2001.174(2)(E) of the Administrative Procedures Act (APA), I respectfully dissent.

The standard for the judicial review of a decision by an ALJ under section 2001.174(2)(E) requires a reviewing court to reverse an ALJ's decision if the ALJ's findings are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. *See* Tex. Govt. Code Ann. § 2001.174(2)(E) (Vernon Supp.2000). The majority opinion focuses on the reasonableness of the order. In doing so, the majority ignores that a two part test is

applied in reviewing findings under a substantial evidence review. *See Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452–53 (Tex.1984); *Southwestern Public Service Co./Public Utility Comm'n of Texas v. Public Utility Comm'n of Texas,* 962 S.W.2d 207, 215 (Tex.App.—Austin 1998, pet. denied). The two questions to be asked are: (1) do the findings of underlying fact stated in the order fairly support the findings of ultimate fact or conclusions of law, stated as the basis of the agency decision; and (2) do the findings of underlying fact find reasonable support in the evidence adduced in the agency proceeding? *See Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d at 453; *Southwestern Public Service Co./Public Utility Comm'n of Texas v. Public Utility Comm'n of Texas,* 962 S.W.2d at 215. The ALJ's finding that Kusenberger refused to submit a specimen of breath is an underlying fact that must find reasonable support in the evidence adduced at the agency proceeding in order to satisfy the second prong of the substantial evidence test.

The issues at a driver's license suspension hearing for the refusal to submit a specimen are: (1) reasonable suspicion or probable cause existed to stop or arrest the person: (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) the person refused to submit to the taking of a specimen on request of the officer. TEX. TRANSP. CODE ANN. § 724.042 (Vernon 1999). In this case, the ALJ made findings on each of these issues. On appeal to the trial court, Kusenberger challenged the ALJ's findings on the third and fourth issues. The trial court concluded that there was not substantial evidence of a refusal by Kusenberger.

With regard to the third and fourth issues, the ALJ found:

**FINDING OF FACT 3**: Officer Thompson placed the Defendant under arrest and properly asked her to submit a specimen of breath by reading her the Statutory Warning for and giving her a copy of the warning before asking for a specimen.

**FINDING OF FACT 4**: After being asked to submit a specimen of breath, the Defendant refused to submit a specimen.

In her brief, Kusenberger asserts that no evidence was presented at the administrative hearing regarding a request for a specimen of *breath,* or a refusal to submit a specimen of *breath.* I agree. The officer testified that he requested a specimen of Kusenberger's *blood.* In his argument at the administrative hearing, Kusenberger's attorney noted that a breath test was never offered, and DPS's attorney agreed, responding:

As far as no breath test being offered, the Court is well aware that it is the officer's choice which to give the defendant, breath or blood. And since they were at the hospital, blood was the best alternative since there was no intoxilyzer machine at the hospital.

I acknowledge that the statute permits an officer to request a specimen of either blood or breath. However, an ALJ's findings must be supported by substantial evidence. This is a procedural requirement. When an ALJ makes specific findings based on the evidence presented at an administrative hearing, our job is to determine whether those findings are supported by a scintilla of evidence. We cannot change the ALJ's findings to fit the record.

In this case, there is no evidence to support the ALJ's findings that Kusenberger refused to submit a specimen of breath. Kusenberger's substantial right to retain her driver's license was prejudiced as a result of the ALJ's findings. I would hold that the trial court, therefore, properly reversed the ALJ's decision. Be-

cause the majority holds otherwise, I respectfully dissent.