TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00640-CV






Texas Department of Transportation, Appellant



v.



Jones Brothers Dirt & Paving Contractors, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 99-01807, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







 Jones Brothers Dirt & Paving Contractors (Jones Brothers) filed an administrative
claim against the Texas Department of Transportation (the Department) for breach of contract. 
After the Department denied Jones Brothers' claim, a contested case hearing was held before an
Administrative Law Judge (ALJ). The ALJ's proposed decision, which the Department later
adopted, ordered the Department to reimburse Jones Brothers for erroneously imposed liquidated
damages, but otherwise denied the requested relief. After its motion for rehearing was overruled,
Jones Brothers filed suit for judicial review in district court. In that suit, Jones Brothers also
asserted separate claims for declaratory relief (1) and breach of contract and sought attorney's fees. 
The trial court reversed the agency order and rendered judgment in favor of Jones Brothers,
awarding specific damages and attorney's fees. We will reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND


 On January 13, 1995, Jones Brothers signed a contract with the Department to
reconstruct 4.28 miles of FM 170 in Presidio County. The project required regrading an existing
roadway, installing drainage structures and flex bases, constructing gabions, and then repaving
the rebuilt roadway. The project was federally funded, and to receive federal aid the Department
had to comply with a federal requirement that the state's chosen contractor award at least 10% of
the contract work to a Disadvantaged Business Enterprise (DBE). A DBE is defined by
Department rule as "a small business concern which is at least 51% owned by one or more
socially and economically disadvantaged individuals, . . . and whose management and daily
operations are controlled by one or more of the socially and economically disadvantaged
individuals who own it." 43 Tex. Admin. Code § 9.51 (1999). The Department's Business
Opportunity Program (BOP) is in charge of overseeing compliance with federal DBE
requirements.

 The contract between Jones Brothers and the Department contained the following
provision regarding DBEs:


Prior to terminating or removing a DBE subcontractor named in the commitment,
the Contractor must demonstrate to the satisfaction of the Business Opportunity
Program Office in Austin the originally designated DBE was not able or willing to
perform. . . . Any substitution of DBEs shall be subject to approval by the Business
Opportunity Program Office in Austin. 



Jones Brothers hired AK Concrete as a designated DBE and subcontracted 42% of the contract
to it. AK Concrete was hired primarily to build and install gabions, defined by the ALJ as "wire
baskets filled with rocks to be placed in trenches beside the roadway to equalize the water when
it rained and to keep the road from eroding." Jones Brothers and Department inspectors soon
became concerned that AK Concrete was unqualified to do the work, and substandard work had
to be corrected as the project progressed. (2) In May 1995, Jones Brothers notified AK Concrete
formally that its work was unsatisfactory, then finally tried to fire AK Concrete from the project
on June 15, 1995. Jones Brothers notified the BOP that it was in the process of replacing AK
Concrete with another DBE subcontractor.

 The BOP requested further documentation from Jones Brothers before it would
approve the dismissal. After Jones Brothers submitted supporting documentation, the BOP office
refused to approve Jones Brothers' request to replace AK Concrete. The BOP stated that,
although work performed by AK Concrete failed to meet specifications and had to be corrected,
there was no information demonstrating that these problems had caused delays on the project. In
the subsequent eleven weeks, Jones Brothers continued to have problems with AK Concrete on
the job. Finally, on September 7, 1995, the Department itself removed AK Concrete from the
project for attempting to bribe a Department inspector.

 After AK Concrete was removed, Jones Brothers was unable to secure the services
of its alternate subcontractor and instead had to finish the job itself. The job was finished late as
a result, and the Department assessed $20,900 in liquidated damages for failing to meet the
contract deadline. Jones Brothers then initiated administrative proceedings to recover
approximately $118,000 in costs, including the liquidated damages, it incurred in finishing the job
over and above what it would have paid the substitute contractor had it been allowed to dismiss
AK Concrete when requested.

 The claim was first heard before the Department's Contract Claims Committee,
which denied the claim. Jones Brothers then petitioned the Department for a formal
administrative hearing. See 43 Tex. Admin. Code § 9.2 (1999). At the State Office of
Administrative Hearings, an ALJ heard the case and ultimately recommended that Jones Brothers
be reimbursed for the liquidated damages but recommended that other requested relief be denied. 
The Department adopted the ALJ's proposed decision.

 Jones Brothers filed suit in district court, seeking declaratory judgment and
common-law breach-of-contract damages and attorney's fees in addition to judicial review of the
agency order. The Department filed an answer asserting sovereign immunity against the common-law contract and declaratory-judgment claims and the accompanying request for attorney's fees. 
The Department argued that judicial review of the agency order was the only form of relief Jones
Brothers was entitled to seek. The trial court affirmed the portion of the Department's order
regarding liquidated damages but reversed the portion of the order regarding other damages. The
court proceeded to render judgment awarding Jones Brothers $139,077 damages, (3) plus interest
and $69,049.50 in attorney's fees. The Department now appeals that judgment, complaining in
two issues on appeal that the trial court erred in (1) reversing the Department order and rendering
judgment in favor of Jones Brothers and (2) awarding attorney's fees to Jones Brothers without
statutory or contractual authority.


DISCUSSION

 Although Jones Brothers pleaded three causes of action--an action for judicial review
of the Department's order, a common-law breach-of-contract claim, and a request for declaratory
judgment--the trial court did not specify the basis for its judgment in favor of Jones Brothers, nor
did the trial court file findings of fact and conclusions of law. Thus, the trial court impliedly
found the Department liable under every theory. See Johnson v. Coggeshall, 578 S.W.2d 556,
560 (Tex. Civ. App.--Austin 1979, no writ). We can reverse only if no theory of recovery
supports the judgment and award of damages. See Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989) (if any theory advanced is meritorious, judgment must be affirmed).


Action for Judicial Review of Agency Order

 In its first issue on appeal, the Department complains that the trial court erred in
reversing the Department's order. The Transportation Code provides that contract claims
appealed from the agency are entitled to judicial review under the Administrative Procedure Act
(APA) found in Chapter 2001 of the Government Code. See Tex. Transp. Code Ann. §
201.112(d) (West 1999). Under the APA, a trial court may reverse an agency determination only
if the substantive rights of the appellant have been prejudiced because the agency's "findings,
inferences, conclusions, or decisions" are:


(A) in violation of a constitutional or statutory provision;


(B) in excess of the agency's statutory authority;


(C) made through unlawful procedure;


(D) affected by other error of law;


(E) not reasonably supported by substantial evidence considering the reliable and
probative evidence in the record as a whole; or


(F) arbitrary or capricious or characterized by abuse of discretion or clearly
unwarranted exercise of discretion.



Tex. Gov't Code Ann. § 2001.174(2) (West 2000). Each of these grounds for reversal presents
a question of law, which we review de novo. See Texas Dep't of Pub. Safety v. Stanley, 982
S.W.2d 36, 37 (Tex. App.--Houston [1st Dist.] 1998, no pet.); Texas Dep't of Pub. Safety v.
Valdez, 956 S.W.2d 767, 769 (Tex. App.--San Antonio 1997, no pet.). (4)

 In the district court, Jones Brothers claimed that it was entitled to reversal because
the Department committed an error of law. Specifically, Jones Brothers claimed the Department
applied the wrong legal standard in evaluating the BOP's decision not to allow Jones Brothers to
dismiss AK Concrete from the project. In its proposed decision, the ALJ concluded that "[t]he
standard of review for the decision made by [the Department's] BOP office is whether the decision
was based on partiality, fraud, misconduct, or gross error." The ALJ went on to hold that the
BOP's decision refusing to authorize Jones Brothers to replace AK Concrete as the DBE on the
project was not based on partiality, fraud, misconduct, or gross error.

 This standard of review is derived from City of San Antonio v. McKenzie
Construction Co., 150 S.W.2d 989, 996 (Tex. 1941), in which the supreme court held that
"[w]hen parties to a building contract agree to submit questions which may arise thereunder to
the decision of the engineer, his decision is final and conclusive; unless in making it he is guilty
of fraud, misconduct, or such gross mistake as would employ bad faith or failure to exercise an
honest judgment." Id.  The same standard has been applied in other cases where an engineer on
a building project determines whether some aspect of performance suffices under a satisfaction
clause in the contract. See State v. Martin Bros., 160 S.W.2d 58, 61 (Tex. 1942) (plaintiff must
allege and prove decision of highway engineer was "based upon partiality, fraud, misconduct, or
gross error"); State v. Clark, 695 S.W.2d 673, 675 (Tex. App.--Austin 1985, no writ) (engineer's
decision will be set aside only if plaintiff proves it was based on partiality, fraud, misconduct, or
gross error); Austin Bridge Co. v. State, 427 S.W.2d 925, 937 (Tex. Civ. App.--Austin 1968, writ
ref'd n.r.e.) (engineer has exclusive and final authority to determine satisfaction of performance
absent pleading and proof that decision of engineer was based on partiality, fraud, etc.).

 The rule is different, however, when the person determining whether a satisfaction
clause has been satisfied is a party to the contract; in that circumstance, a "reasonableness"
standard applies. See Black Lake Pipe Line Co. v. Union Const. Co., 538 S.W.2d 80, 88-89
(Tex. 1976) (adopting reasonableness test where construction contract provides that performance
shall be to satisfaction of one party), overruled on other grounds, Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989); Lynx Exploration & Prod. Co., Inc. v. 4-Sight Oper. Co., 891
S.W.2d 785, 787 (Tex. App.--Texarkana 1995, writ denied) (applying objective reasonableness
test for "satisfaction" provision of contract in deciding whether party acted in good faith);
Cranetex, Inc. v. Precision Crane & Rigging of Houston, Inc., 760 S.W.2d 298, 302 (Tex.
App.--Texarkana 1988, writ denied) (rejecting standard of "fraud, misconduct or gross mistake"
where approval of performance is required by party to contract and not third-party expert,
applying instead objective reasonableness test). This lower standard of proof is necessary to
address concerns that agreements conditional on one party's satisfaction might be illusory because
they could be vulnerable to that party's whim or bad-faith withholding of approval. See Black
Lake Pipe Line Co., 538 S.W.2d at 88 (citing 5 Williston on Contracts § 675A at 189-90).

 In the present case, the contract between the parties required Jones Brothers to
secure the approval of the BOP before it could replace AK Concrete as its DBE on the project. 
Because the BOP is a subdivision within the Department, we believe that this satisfaction clause
was effectively subject to the determination of a party; accordingly, the applicable standard is the
objective reasonableness test. By applying the "partiality, fraud, misconduct, or gross error"
standard to its evaluation of the BOP's decision, the Department committed an error of law. The
correct inquiry was whether the BOP unreasonably withheld its approval of Jones Brothers'
requested discharge of AK Concrete.

 Jones Brothers argues that to secure reversal it need only show that the agency
committed an error of law. The APA, however, plainly requires an additional showing of
prejudice to the appellant's substantial rights. See Tex. Gov't Code Ann. § 2001.174(2). Where
there is an error of law, it does not necessarily follow that there is also demonstrable prejudice
to substantial rights. See, e.g., Lower Laguna Madre Found., Inc. v. Texas Natural Resource
Conservation Comm'n, 4 S.W.3d 419, 428 (Tex. App.--Austin 1999, no pet.) (while Commission's
failure to provide for appeal according to rule was error of law, there was no harm to substantial
rights because Foundation actually received review by full Commission). Nonetheless, we are
satisfied that Jones Brothers has proven that the agency order was properly reversed. By holding
Jones Brothers to the "partiality, fraud, misconduct, or gross error" standard instead of the
appropriate reasonableness standard, the Department placed a much higher burden of proof on
Jones Brothers. We hold that this resulted in prejudice to the company's substantial rights.

 Upon reversing the agency order, the trial court went on to render judgment in
favor of Jones Brothers. The Department argues that this was error, and that if reversal was
proper the cause should have been remanded to the agency for further proceedings. We agree. 
Given the general principle that the court may not reweigh the evidence and substitute its own
judgment for that of the agency, the APA anticipates that the court will generally remand to the
agency when it finds an error of law. See Tex. Gov't Code Ann. § 2001.174; Texas Dep't of
Transp. v. T. Brown Constructors, Inc., 947 S.W.2d 655, 659-60 (Tex. App.--Austin 1997, pet.
denied).

 Whether a party's conduct was reasonable is usually a question for the fact-finder. 
See Adam Dante Corp. v. Sharpe, 483 S.W.2d 452, 456 (Tex. 1972); Southwest Guar. Trust Co.
v. Providence Trust Co., 970 S.W.2d 777, 783 (Tex. App.--Austin 1998, pet. denied). We cannot
say that Jones Brothers is entitled to judgment as a matter of law on the issue of the alleged
unreasonableness of the BOP's actions. Instead, to the extent that the trial court's judgment was
premised on Jones Brothers' action for judicial review, the proper remedy for the agency's error
of law was to remand to the Department for reconsideration under the correct legal standard. (5)


Actions for Common-law Breach of Contract and Declaratory Judgment

 In addition to seeking judicial review of the Department's decision on its contract
dispute, Jones Brothers also brought two original causes of action in the trial court: a common-law breach-of-contract claim and an action for declaratory judgment. Both of these original claims
are premised on the same contract dispute that was the subject of the suit for judicial review. The
Department claims that the trial court cannot properly entertain the additional claims because the
action for judicial review is the exclusive remedy available to Jones Brothers on this contract
claim. There are certain practical difficulties in allowing the trial court to consider the additional
claims. If all three claims are allowed to proceed, the trial court is at once conducting a
substantial evidence review of the administrative record subject to the APA--a very limited and
deferential form of review--and also conducting what is essentially a de novo review of the same
record when it considers the original declaratory judgment and common-law breach-of-contract
actions.

 Had this action been brought after the 1997 legislative session, it appears that Jones
Brothers would not have been able to bring contract and declaratory judgment actions in addition
to availing itself of judicial review. A 1997 amendment to the comments of Transportation Code
section 201.112--which outlines the administrative remedies for contract disputes with the
Department--reads, "[n]otwithstanding any other law, the procedures prescribed by Section
201.112, Transportation Code . . . shall constitute the exclusive remedy at law for the resolution
of a claim governed by that section." Act of June 1, 1997, 75th Leg., R.S., ch. 1171, § 1.36,
1997 Tex. Gen. Laws 4427, 4443 (Tex. Transp. Code Ann. § 201.112, cmt (b)) (emphasis
added). Thus, were this suit brought today, no original actions could be brought in the trial court
when Jones Brothers sought judicial review of the agency order. It is not clear, however, whether
the same rule of exclusivity applied in 1996 when this action arose. We need not reach this issue,
however, because we conclude that it was error for the trial court to render judgment on those
claims for other reasons.

 On the breach-of-contract claim, the Department pleaded sovereign immunity
through a plea to the jurisdiction and as an affirmative defense. The jurisdictional challenge was
impliedly overruled when the trial court granted judgment in favor of Jones Brothers. This was
error. Sovereign immunity consists of two basic principles of law: immunity from liability and
immunity from suit. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). 
While the state does waive its immunity from liability when it contracts with private citizens, it
does not waive its immunity from suit; a private citizen must have legislative consent to sue the
State on a breach-of-contract claim. See id. at 408. Such legislative consent for suit or other
waiver of sovereign immunity must be by clear and unambiguous language. See id. at 405. 
Because immunity from suit deprives the trial court of subject matter jurisdiction, it is properly
asserted in a plea to the jurisdiction. See Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999).

 The plaintiff in a lawsuit bears the burden of alleging facts affirmatively showing
that the district court has subject matter jurisdiction. See Texas Ass'n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). Here, Jones Brothers alleged in its petition that "the
Department is not immune from suit in the instant case because the legislature consented to such
a suit in Section 201.112 of the Texas Transportation Code." (6) Section 201.112 contains no such
waiver. That section spells out the procedure for administrative review of a contract claim and
allows for judicial review of the agency order. See Tex. Transp. Code Ann. § 201.112. It also
says: "This section does not waive state immunity from liability." Id. § 201.112(e) (emphasis
added). The section is silent as to any waiver of the state's immunity from suit.

 In an often-cited footnote to Federal Sign, the supreme court wrote that "there may
be other circumstances where the State may waive its immunity by conduct other than simply
executing a contract so that it is not always immune from suit when it contracts." Federal Sign, 
951 S.W.2d at 408 n.1. This Court has interpreted that footnote to mean that the State may waive
its immunity from suit by conduct when it goes beyond mere execution of a contract and, for
example, refuses to pay after the contracting party has fully performed, or when it engages in
conduct that would produce an injustice were the agency permitted to walk away from the
contract. See Tsumi, Inc. v. Texas Parks & Wildlife Dep't, No. 3-99-205-CV, slip op. at 8-10
(Tex. App.--Austin Feb. 25, 2000, pet. filed) (citing, inter alia, Aer-Aerotron, Inc. v. Texas Dep't
of Transp., 997 S.W.2d 687, 691-92 (Tex. App.--Austin 1999, pet. granted); Little-Tex Insulation
Co. v. General Servs. Comm'n, 997 S.W.2d 358, 364 (Tex. App.--Austin 1999, pet. granted)). 
Jones Brothers' petition fails to allege facts showing that immunity from suit was waived by the
Department by conduct that goes beyond the mere act of contracting, and thus Jones Brothers has
not met its burden of showing the trial court had jurisdiction over its common-law breach-of-contract claim. This claim cannot support the trial court's judgment.

 In its third cause of action in the trial court, Jones Brothers sought declaratory
judgment that "the contract required the Department to make a reasonable investigation to
determine for itself whether AK Concrete was unwilling or unable to perform," and that "upon
that declaration, [Jones Brothers] is entitled to recover all of its damages against the Department
. . . ." (7) See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). As with the contract
claim, the Department filed a plea to the jurisdiction and pleaded the affirmative defense of
sovereign immunity. Though characterized as a request for declaratory relief, we think it obvious
that the relief sought by Jones Brothers with this claim is aimed at controlling State action or 
subjecting the State to contract liability. As discussed above, even assuming the existence of a
contract, sovereign immunity protects the State from contract claims absent waiver. One may not
circumvent sovereign immunity by characterizing a contract dispute as a declaratory-judgment
claim. See W.D. Haden Co. v. Dodgen, 308 S.W.2d 838, 842-43 (Tex. 1958); Lopez v. Public
Util. Comm'n, 816 S.W.2d 776, 781 (Tex. App.--Austin 1991, writ denied). Because we hold that
Jones Brothers has not established a waiver of sovereign immunity that would give the trial court
jurisdiction to hear its common-law breach-of-contract claim, we likewise hold that the pleadings
do not demonstrate that the trial court had jurisdiction over this purported declaratory judgment
action.

 However, a failure to allege sufficient facts to demonstrate jurisdiction does not
necessarily authorize immediate dismissal. See City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d
750, 753 (Tex. App.--Austin 1998, no pet.). Where the plaintiff's pleadings do not demonstrate
the court's jurisdiction, but do not affirmatively show a lack of jurisdiction, the proper remedy
is to allow the plaintiff an opportunity to amend before dismissing. See id. The common-law
breach-of-contract and declaratory-judgment claims will therefore be remanded to the trial court
to give Jones Brothers the opportunity to replead.


Attorney's Fees Awarded

 In its second issue on appeal, the Department complains that the attorney's fee
award to Jones Brothers was improper under any claim asserted. Because we hold that Jones
Brothers was not entitled to judgment on any of the three actions it brought before the trial court,
there is no basis for an award of attorney's fees; accordingly, we do not reach this issue. (8)


CONCLUSION

 The Department erroneously failed to apply the correct reasonableness standard
when it reviewed its own performance under the satisfaction clause of the contract between Jones
Brothers and the Department. This was an error of law committed by the Department that
prejudiced Jones Brothers' substantial rights, and so Jones Brothers is entitled to reversal of the
final agency order. The appropriate remedy for this error, however, is not rendition; instead, that
portion of the cause is remanded to the trial court with instructions to remand it to the agency for
further consideration under the correct legal standard. Likewise, the trial court could not render
judgment on either the common-law breach-of-contract claim or the declaratory-judgment claim
because both claims require Jones Brothers to show that the State has waived sovereign immunity. 
Those claims are remanded to give Jones Brothers the opportunity to replead jurisdictional facts
that might overcome the Department's plea to the jurisdiction. Thus, the judgment of the trial
court is reversed, and the cause is remanded to that court in its entirety, with instructions as noted
above.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: July 27, 2000

Publish


1. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997).
2. During the administrative hearing, the Department acknowledged that AK Concrete was
indisputably incompetent.
3. The damages included the $22,500 liquidated damages the Department was to reimburse to
Jones Brothers under the affirmed portion of the Department order.
4. While the APA is deferential toward agency decisions and expressly prohibits a reviewing
court from substituting its own judgment for the decision of the state agency on questions
committed to agency discretion, questions of law are not left to agency discretion and so are
subject to de novo review. See Tex. Gov't Code Ann. § 2001.174; Texas Dep't of Pub. Safety
v. Valdez, 956 S.W.2d 767, 769 (Tex. App.--San Antonio 1997, no pet.).
5. We note that in her findings of fact the ALJ found that the "BOP's decision to deny [Jones
Brothers'] request to replace [AK Concrete] as the DBE on this project was reasonable and not
based on partiality, fraud, misconduct, or gross error." To the extent this finding could be
construed to determine the reasonableness of the BOP's decision, we hold that it is not conclusive
in light of the stated "fraud" standard applied by the ALJ.
6. Jones Brothers' petition goes on to say that "the Department is not immune from liability
in the instant case because the Department waived any such immunity by contracting with [Jones
Brothers]." (Emphasis added.) This assertion is superfluous because Federal Sign clearly states
that immunity from liability is waived when the State contracts with private citizens. See 951
S.W.2d at 408. Even if Jones Brothers' assertion was intended to address the Department's
immunity from suit instead of its immunity from liability, it is equally clear that "[t]he act of
contracting does not waive the State's immunity from suit." Id.
7. The trial court judgment states that the judicial review and common-law breach-of-contract
claims were heard by the court, but it is silent as to the plaintiff's declaratory judgment action. 
Moreover, the judgment does not contain a "Mother Hubbard" clause reciting that all relief not
granted is denied. Thus, it appears that the judgment overlooked the claim for declaratory relief
and, because it does not address all issues before the trial court, is arguably not final and
appealable. However, after a trial on the merits, appellate courts presume the trial court's
judgment disposes of all the issues in the case. See North E. Indep. Sch. Dist. v. Aldridge,  400
S.W.2d 893, 897-98 (Tex. 1966). We will therefore regard the judgment as final.
8. We do note, however, that "[a] declaratory relief plea may not be coupled to a damage
action simply in order to pave the way to recover attorney's fees." Hartford Cas. Ins. Co. v.
Budget Rent-A-Car Sys., Inc., 796 S.W.2d 763, 772 (Tex. App.--Dallas 1990, writ denied).


to apply the correct reasonableness standard
when it reviewed its own performance under the satisfaction clause of the contract between Jones
Brothers and the Department. This was an error of law committed by the Department that
prejudiced Jones Brothers' substantial rights, and so Jones Brothers is entitled to reversal of the
final agency order. The appropriate remedy for this error, however, is not rendition; instead, that
portion of the cause is remanded to the trial court with instructions to remand it to the agency for
further consideration under the correct legal standard. Likewise, the trial court could not render
judgment on either the common-law breach-of-contract claim or the declaratory-judgment claim
because both claims require Jones Brothers to show that the State has waived sovereign immunity. 
Those claims are remanded to give Jones Brothers the opportunity to replead jurisdictional facts
that might overcome the Department's plea to the jurisdiction. Thus, the judgment of the trial
court is reversed, and the cause is remanded to that court in its entirety, with instructions as noted
above.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: July 27, 2000

Publish


1. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997).
2. During the administrative hearing, the Department acknowledged that AK Concrete was
indisputably incompetent.
3. The damages included the $22,500 liquidated damages the Department was to reimburse to
Jones Brothers under the affirmed portion of the Department order.
4. While the APA is deferential toward agency decisions and expressly prohibits a reviewing
court from substituting its own judgment for the decision of the state agency on questions
committed to agency discretion, questions of law are not left to agency discretion and so are
subject to de novo review. See Tex. Gov't Code Ann. § 2001.174; Texas Dep't of Pub. Safety
v. Valdez, 956 S.W.2d 767, 769 (Tex. App.--San Antonio 1997, no pet.).
5. We note that in her findings of fact the ALJ found that the "BOP's decision to deny [Jones
Brothers'] request to replace [AK Concrete] as the DBE on this project was reasonable and not
based on partiality, fraud, misconduct, or gross error." To the extent this finding could be
construed to determine the reasonableness of the BOP's decision, we hold that it is not conclusive
in light of the stated "fraud" standard applied by the ALJ.
6. Jones Brothers' petition goes on to say that "the Department is not immune from liability
in the instant