NUMBER 13-01-523-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI-EDINBURG


 


TEXAS DEPARTMENT OF

PUBLIC SAFETY, Appellant,


v.



HUGO ERNESTO LARA, Appellee.

 




On appeal from the County Court at Law No. 1 


of Hidalgo County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Yañez




The Texas Department of Public Safety ("the Department") appeals a judgment reversing a default order, issued by an administrative
law judge ("ALJ"), that sustained the suspension of appellee Hugo Ernesto Lara's driver's license. In a single point of error, the
Department contends the trial court erred in reversing the suspension by implicitly finding that the ALJ abused his discretion. This
issue was recently raised in Texas Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 2002 Tex. App. LEXIS 4433, at *9-*12 (Tex. App.-Corpus Christi 2002, pet. filed). We follow the analysis of this issue in that case, and accordingly
reverse and render.

Background

Appellee requested an administrative hearing (1) to contest the suspension of his driver's license based on his refusal to take a breath
or blood test at the time he was charged with DWI. (2) The day before such hearing, appellee filed his first motion for continuance. 
The motion was granted and the case was reset for two weeks later. The day before this hearing, appellee filed his second motion for
continuance. It was also granted and, again, the case was postponed for two weeks. The ALJ noted on this second order that it was
appellee's "Final Continuance."

The day of this third scheduled hearing, another motion for continuance was offered by appellee, citing for the third time that his
attorney was scheduled to appear in a different court. The request was denied and another attorney, who appeared on behalf of
appellee's attorney of record, refused to proceed with the hearing. As a result, the ALJ entered a default order. Appellee appealed to
the county court-at-law to vacate the default order and send the matter back to the Department. On May 30, 2001, the trial court
hearing was held, and the next day the judge vacated the ALJ's default order and sent the case back to the Department. This appeal
ensued.

Applicable Law and Standard of Review

After a hearing has been scheduled to be heard by an ALJ, any party making a request that requires an interim order, such as a
continuance, must file that request in writing, and such written request must be filed at least five days prior to the scheduled hearing
date. See 1 Tex. Admin. Code § 159.9(f) (2002). If the five-days-prior time limit cannot be complied with, any unavoidable
circumstances that bring about an untimely request must be set out in the late request. See id. All motions for continuance should
contain a certificate of service, certificate of conference between the parties, and supply the ALJ with three dates during which the
parties would be available for the hearing. See 1 Tex. Admin. Code § 159.11(e) (2002). Failure to include these may result in a
denial of a current request for a continuance, or subsequent continuance requests in the same case. See id.

If timely requested, the Department must agree to the defendant's first request for a continuance and reschedule the hearing within
certain statutory time restrictions. See Tex. Transp. Code Ann. § 524.032(b) (Vernon 1999); 1 Tex. Admin. Code § 159.11(b)
(2002). A second motion for continuance can be granted if "a medical condition prevents the person from attending the rescheduled
hearing." Tex. Transp. Code Ann. § 524.032(c) (Vernon 1999); 1 Tex. Admin. Code § 159.11(b) (2002). In addition, "[t]he
granting of continuances shall be in the sound discretion of the [ALJ], provided however, that the [ALJ] shall expedite the hearings
whenever possible." 1 Tex. Admin. Code § 159.11(e) (2002).

We will not disturb an ALJ's decision to deny a motion for continuance absent a clear abuse of discretion. See Struve, 2002 Tex.
App. LEXIS 4433, at *9-*10. There is no formula for determining when the denial of a continuance is so arbitrary as to violate due
process. See id. The reviewing court must consider the circumstances presented to the ALJ at the time the request was denied. See
id.

Analysis

By its single issue, the Department contends the county court-at-law erred in reversing the default order and implicitly finding that
the ALJ abused his discretion by denying appellee's third motion for continuance.

The record reflects that all three of appellee's motions: were not timely filed; do not set out the unavoidable circumstances that
caused them to be untimely; lack the requisite certificate of conference; and do not suggest alternative hearing dates as required by
the administrative code. 

Upon denial of the third of these defective motions, and refusal by appellee's substitute attorney to proceed, the ALJ accordingly
entered a default order. 1 Tex. Admin. Code § 159.27(a) (2002). Nonetheless, the trial court reversed the order after hearing
arguments and reviewing the record.

The trial court's review here was restricted to the limited administrative record developed through three motion hearings and entry of
the default order. Tex. Gov't Code Ann. § 2001.175(e) (Vernon 2000); Tex. Transp. Code Ann. § 524.043(a-b) (Vernon 1999); 
1 Tex. Admin. Code § 159.37(e), (h) (2002). The trial court's reversal implies that the ALJ abused his discretion by denying the
third motion for continuance and entering a default order, as those were the only possible challengeable actions taken by the ALJ. 
However, the trial court may only reverse the ALJ's order if the appellee's substantial rights have been prejudiced because the
administrative findings are:

(A) in violation of a constitutional or statutory provision;


(B) in excess of the agency's statutory authority;


(C) made through unlawful procedure;


(D) affected by other error of law;


(E) not reasonably supported by substantial evidence considering the reliable 

and probative evidence in the record as a whole; or


(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.


Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). None of these grounds was advanced by appellee in his petition to the trial
court, or at the trial court's hearing, or in his appeal to this Court.

Considering the totality of the circumstances and events that occurred before making the decision not to reset the hearing date, we
conclude the ALJ did not abuse his discretion in denying appellee's third motion for continuance. See Struve, 2002 Tex. App.
LEXIS at *12; 1 Tex. Admin. Code § 159.11(e) (2002). Additionally, since appellee presented no evidence establishing a ground
for reversal, the trial court was not authorized to reverse the default order for any other reason. See Tex. Dep't of Pub. Safety v.
Valdez, 956 S.W.2d 767, 770 (Tex. App.-San Antonio 1997, no pet.); Tex. Gov't Code Ann. § 2001.174 (Vernon 2000).

We therefore sustain the Department's point of error, reverse the trial court's judgment, and render judgment upholding the
administrative decision.



 

LINDA REYNA YAÑEZ

Justice






Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

3rd day of October, 2002.

1. Tex. Transp. Code Ann. §§ 524.012(d), 524.031 (Vernon 1999).
2. Tex. Pen. Code Ann. § 49.04 (Vernon 1994 and Supp. 2002).