March 5, 2007

The Honorable Shelia Bailey Taylor
Chief Administrative Law Judge
State Office of Administrative Hearings
Post Office Box 13025
Austin, Texas 78711-3025

Opinion No. GA-0524

Re: Whether the State Office of Administrative Hearings is required to furnish a free transcript in an administrative driver's license suspension appeal (RQ-0522-GA)

Dear Judge Taylor:

You ask whether the State Office of Administrative Hearings ("SOAH") is required to furnish a free transcript in an administrative driver's license suspension appeal.[1]

SOAH "is a state agency created to serve as an independent forum for the conduct of adjudicative hearings in the executive branch of state government." TEX. GOV'T CODE ANN. § 2003.021(a) (Vernon Supp. 2006); see generally Pete Schenkkan, Texas Administrative Law: Trials, Triumphs, and New Challenges, 7 TEX. TECH ADMIN. L. J. 287, 323 (2006) ("Unlike all other state agencies, [SOAH] has no specific substantive regulatory policy responsibilities at all. Instead, its sole job is to provide judges for most administrative adjudications."). You inform us that SOAH "conducts administrative driver's license suspension hearings pursuant to" chapters 524 and 724 of the Texas Transportation Code. Request Letter, supra note 1, at 1.

Chapter 524 of the Transportation Code concerns administrative proceedings for suspending the driver's license of a person who fails to pass a sobriety test. See TEX. TRANSP. CODE ANN. §§ 524.001–.051 (Vernon 1999 & Supp. 2006). Chapter 724 of the Code, concerning license suspension for refusal to submit to taking a breath or blood specimen, is also governed by chapter 524. See id. §§ 724.011, .047 (Vernon 1999), 724.002, .035(a)(1) (Vernon Supp. 2006). A person receiving a notice of suspension may request a hearing, which is conducted by a SOAH administrative law judge. Id. §§ 524.031, .033(a) (Vernon 1999). SOAH must provide for stenographic or electronic recording of the hearing. Id. § 524.033(b). The administrative law judge's decision sustaining a license suspension may be appealed by filing a petition in the proper county court at law or county court. Id. § 524.041(a)–(b). A person filing such an appeal must send

---

[1]See Letter from Honorable Shelia Bailey Taylor, Chief Administrative Law Judge, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Aug. 10, 2006) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

a copy of the petition to the Department of Public Safety (the "Department") and to SOAH. *Id.* § 524.041(c). Concerning the transcript for the appeal, section 524.044 provides:

> (a)   To obtain a transcript of an administrative hearing, the party who appeals the administrative law judge's decision must apply to the State Office of Administrative Hearings.
>
> (b)   On payment of a fee not to exceed the actual cost of preparing the transcript, the State Office of Administrative Hearings shall promptly furnish both parties with a transcript of the administrative hearing.

*Id.* § 524.044. SOAH has promulgated a rule to implement section 524.044. *See* Request Letter, *supra* note 1, at 1. Administrative Rule 159.37(f) provides that for an appeal of a suspension decision, SOAH will provide both parties and the reviewing court with the hearing transcript, but not until the proper fee has been paid. *See* 1 TEX. ADMIN. CODE § 159.37(f) (2006) (State Office of Admin. Hearings, Suspension Proceedings).[2]

You state that recently a defendant appealing the suspension of his driver's license to county court filed an affidavit of inability to pay costs and asked SOAH to provide a free transcript of the administrative hearing, citing Rule 145 of the Texas Rules of Civil Procedure. Request Letter, *supra* note 1, at 1; *see* TEX. R. CIV. P. 145 (setting out procedures for filing affidavit of inability to pay costs in lieu of cost bond). You ask whether SOAH must provide a free transcript of a driver's license suspension hearing for the appeal of the administrative law judge's final order when the appealing party has filed an affidavit of inability to pay costs with the court. Request Letter, *supra* note 1, at 1.

While the Transportation Code sections and the administrative rule set forth above provide no exception to payment for a party who files an affidavit of inability to pay costs, we must consider the applicability of the Administrative Procedure Act (the "APA") as it pertains to administrative hearings and appeals generally. *See generally* TEX. GOV'T CODE ANN. §§ 2001.001–.902 (Vernon 2000 & Supp. 2006) (the Administrative Procedure Act). The APA applies to proceedings under

---

[2]Section 159.37(f) provides:

> A person who appeals a suspension may obtain a transcript of the administrative hearing by sending a written request to the Office within ten days of filing the appeal and paying the applicable fees. The fees shall not exceed the actual cost of preparing or copying the transcript, and upon payment thereof, the Office shall promptly furnish the reviewing court and both parties a certified copy of the record. The transcription of the electronic recording made by the Office constitutes the official record for appellate purposes, provided however, that the original recording of proceedings shall be maintained by the Office, and a copy of this recording shall be available for review by the parties or a reviewing court if necessary.

1 TEX. ADMIN. CODE § 159.37(f) (2006) (State Office of Admin. Hearings, Suspension Proceedings).

chapter 524 of the Transportation Code to the extent they are consistent. *See* TEX. TRANSP. CODE ANN. § 524.002 (Vernon 1999). Section 2001.058 of the APA governs hearings conducted by SOAH. TEX. GOV'T CODE ANN. § 2001.058 (Vernon 2000). While section 2001.058 of the APA expressly imposes a duty on SOAH to send the parties a copy of its decisions that may become final or a ruling on a motion for rehearing, that section is silent about any duty to provide transcripts. *Id.* § 2001.058(f)(4).

Section 2001.175 sets out procedures applicable to administrative hearings generally, which would include an appeal of a driver's license suspension matter. *See id.* § 2001.175.[3] Section 2001.175(b) states that "[a]fter service of the petition on a *state agency* and within the time permitted for filing an answer or within additional time allowed by the court, the *agency* shall send to the reviewing court the original or a certified copy of the entire record of the proceeding under review." *Id.* § 2001.175(b) (emphasis added). Another provision authorizes an agency to adopt rules requiring the party appealing a final decision in a contested case to pay all or part of the costs of preparing a record of the agency proceeding. *Id.* § 2001.177(a).

In an appeal of an administrative hearing conducted by SOAH, a court has held that the term "agency" in section 2001.175(b) of the Government Code refers to SOAH, so that it is SOAH that has a duty to provide the record in an administrative appeal. *See Tex. Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 770 (Tex. App.—San Antonio 1997, no pet.).[4] But because of SOAH's administrative rule requiring payment of costs, section 159.37(f), the court held that SOAH's duty to provide the transcript to the reviewing court arises only after payment of a proper fee. *Id.* (citing 1 TEX. ADMIN. CODE § 159.37(f) (2006) (State Office of Admin. Hearings, Suspension Proceedings)). *Accord Tex. Dep't of Pub. Safety v. Story*, 115 S.W.3d 588, 596 (Tex. App.—Waco 2003, no pet.).

Thus, section 2001.175(b) of the Government Code and Rule 159.37(f), as construed by the courts, require SOAH to provide the reviewing court with a transcript, but the duty does not arise until the proper fee has been paid. *See* TEX. GOV'T CODE ANN. § 2001.175(b) (Vernon 2000); *Story*, 115 S.W.3d at 596; *Valdez*, 956 S.W.2d at 770. The APA is in accord with Transportation Code

---

[3]Section 2001.175 is entitled "Procedures for Review Under Substantial Evidence Rule or Undefined Scope of Review," and states that its procedures apply when the manner of review is other than by trial de novo. TEX. GOV'T CODE ANN. § 2001.175 (Vernon 2000). Administrative license suspension decisions are reviewed under the substantial evidence standard. *See* TEX. TRANSP. CODE ANN. § 524.043(a) (Vernon 1999); *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Thus, the provisions of section 2001.175 apply to a driver's license suspension matter. *See, e.g., Tex. Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex. App.—San Antonio 1997, no pet.) (applying section 2001.175 in a driver's license suspension appeal).

[4]Prior to the establishment of SOAH, one court held that similar language in the predecessor to section 2001.175(b) required the administrative agency that was a party to an appeal to provide for a transcript even though the appealing party had not paid for the transcript's cost as required by agency rule. *See City of Bells v. Tex. Dep't of Health*, 701 S.W.2d 342, 343–44 (Tex. App.—Austin 1985, no writ) (citing TEX. REV. CIV. STAT. ANN. art. 6252-13a, § 19(d)(1), *repealed by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 46(1), 1993 Tex. Gen. Laws 583, 986). *See also* Act of May 27, 1991, 72d Leg., R.S., ch. 591, 1991 Tex. Gen. Laws 2127 (Act creating SOAH, current version at TEX. GOV'T CODE ANN. §§ 2003.001–.057).

chapter 524 and SOAH's rule in establishing that SOAH's duty to provide a transcript, whether to the reviewing court or to the parties, is contingent on the payment of a fee.

You specifically ask if Rule 145 of the Rules of Civil Procedure requires SOAH to provide a free transcript. *See* Request Letter, *supra* note 1, at 1. According to the APA, a charge for the administrative hearing transcript is a "court cost" that may be assessed by the court according to the Rules of Civil Procedure. *See* TEX. GOV'T CODE ANN. § 2001.177(b) (Vernon 2000). But even though the administrative transcript is a court cost of the county court proceeding, it is unlikely that a court would construe Rule 145 as applicable to an appeal of an administrative hearing in a driver's license suspension matter. Rule 145 provides for an affidavit "[i]n lieu of paying or giving security for costs of an *original action*." *See* TEX. R. CIV. P. 145(a) (emphasis added). The review of a driver's license suspension order is not an original action, but is an appeal under the substantial evidence standard. *See* TEX. TRANSP. CODE ANN. §§ 524.041, .043(a) (Vernon 1999); *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex. 1999). Rule 145's only mention of an appeal is its reference to the statutory provision that expressly authorizes appeals by indigents from small claims court. *See* TEX. R. CIV. P. 145(d) (referencing section 28.052 of the Government Code). Not only is the rule silent about appeals of administrative hearings, but we are also not aware of any judicial opinion that has considered the question.

Even if a court determined that Rule 145 is applicable to such an administrative appeal, however, it would not likely impose costs on SOAH. The rule further provides that if the court sustains the affidavit and "finds that another party to the suit can pay the costs of the action, the other party must pay the costs of the action." *See* TEX. R. CIV. P. 145(d). And as you note, SOAH is not a party to the court proceeding. *See* Request Letter, *supra* note 1, at 2; *cf.* TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999) (authorizing appeal by "person whose driver's license suspension is sustained" or by the Department). In short, Rule 145 of the Rules of Civil Procedure does not provide a basis for requiring SOAH to provide a transcript without payment of a fee.

Accordingly, we conclude that SOAH is not required to furnish a free transcript in an administrative driver's license suspension appeal. And because we conclude that SOAH does not have a duty to provide free transcripts, we do not address your remaining question, as to whether providing a free transcript would violate the constitutional prohibition against expenditures of public money for private purposes. Request Letter, *supra* note 1, at 2 (citing article XVI, section 6(a) of the Texas Constitution).

## S U M M A R Y

The State Office of Administrative Hearings is not required to furnish a free transcript in an administrative driver's license suspension appeal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee