# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00742-CV

**Service Lloyds Insurance Company, Appellant**

**v.**

**Jose Montemayor, Commissioner of Insurance, and The Texas Department of Insurance, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. GN200477, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

This is an appeal of a district-court judgment affirming an order of the Texas Department of Insurance. Service Lloyds Insurance Company contends that any credit accident and health insurance policies it writes are entirely exempt from Department regulation. Credit accident and health insurance is generally sold to debtors in connection with loan transactions. It covers the amount owed in the event that the debtor becomes disabled before paying off the loan. The Department determined that although Lloyds plan insurers are exempt from a statute providing comprehensive regulation of credit accident and health policies, any such policies they write are nonetheless subject to regulation under the statute governing all accident and health policy forms. Because we agree with the Department that credit accident and health

insurance policies written by Lloyds plan insurers are covered by the statute regulating accident and health policy forms, we affirm the trial-court judgment affirming the Department=s order.

## BACKGROUND

Service Lloyds is a Lloyds plan insurer organized under chapter eighteen of the insurance code. *See* Tex. Ins. Code Ann. arts. 18.01-.24 (West 1981 & Supp. 2003). As such, it is exempt from many of the regulatory requirements applicable to other insurers. Article 18.23 first sets out a general exemption from regulation: Aunderwriters at Lloyds= shall be exempt from the operation of all insurance laws of this State . . . .@ *See id.* art. 18.23(a) (West Supp. 2003). It then sets out three exceptions to this general exemption. Lloyds plan insurers are subject to (1) certain enumerated provisions of the insurance code,[1] (2) all the provisions of chapter eighteen, and (3) any provision itself providing that it is applicable to Lloyds plan insurers. *See id.* art. 18.23 (a), (b) (West Supp. 2003).

In February 2002, Service Lloyds sent to the Department a proposed credit accident and health policy form accompanied by a letter. In the letter, Service Lloyds opines that it is authorized to write credit accident and health insurance policies, and that, as a Lloyds plan insurer, it is exempt from article 3.53 of the insurance code, which regulates such policies. The letter concludes by stating that because Service Lloyds is Atreading into an area which is clearly unregulated@ it wishes to Ainform the Commissioner of its intentions and allow the Department an opportunity to consider [Service Lloyds=s] plan of action.@

---

[1] These enumerated articles, 1.15A, 2.20, 5.35, 5.38, 5.39, 5.40, 5.49, 21.21, and 21.49-8, are not relevant to this appeal.

The Department responded by stating that the submitted form was subject to Department regulation under article 3.42 of the insurance code, a statute applicable to many types of policies, including Aaccident or health@ policies. The Department=s letter to Service Lloyds stated that the submitted form could not be delivered, issued, or used in the State unless it had been filed with Department pursuant to the rules implementing article 3.42.

Service Lloyds disagreed with the Department=s position and filed a petition for review with the Commissioner of Insurance. *See id.* ' 36.103 (West Supp. 2003); 28 Tex. Admin. Code ' 1.705 (2003). The Commissioner then referred the matter to the State Office of Administrative Hearings. After hearing witness testimony and considering the parties=briefs, the administrative law judge (ALJ) concluded that Service Lloyds=s Acredit accident and health insurance@form is a type of Aaccident or health insurance,@ and the proposed form must be submitted to the Department under article 3.42. The Commissioner agreed with the ALJ=s proposal for decision, adopted the ALJ=s findings of facts and conclusions of law with minor revisions, and ordered Service Lloyds not to use its form until it complies with the provisions of article 3.42.

**DISCUSSION**

**This is a suit for judicial review of a Department decision brought under the Administrative Procedure Act.** *See* **Tex. Ins. Code Ann.** ' ' **36.201-.205 (West Supp. 2003); Tex. Gov=t Code Ann.** ' ' **2001.171, .174 (West 2000). The trial court was therefore authorized to reverse the case if the agency=s findings, inferences, conclusions, or decisions were characterized by abuse of discretion, in violation of a statutory provision, or affected by another error of law.** *See id.* ' **2001.174(2)(A), (D), (F). Service Lloyds contends that the trial court should have**

**reversed the Department=s order because it is based on a misinterpretation of three provisions of the insurance code C articles 3.42, 3.53, and 18.23. This ground for reversal presents a question of law that we review *de novo*. *See Texas Dep=t of Transp. v. Jones Bros. Dirt & Paving Contractors*, 24 S.W.3d 893, 898 (Tex. App. C Austin 2000), *rev=d on other grounds*, 92 S.W.3d 477 (Tex. 2002).**

As discussed above, article 18.23 provides that Lloyds plan insurers are generally exempt from regulatory statutes unless such statutes explicitly provide that they apply to Lloyds. *See* Tex. Ins. Code Ann. art. 18.23(a).

Article 3.42, entitled APolicy Form Approval@ requires that several types of policy forms, including Aaccident or health@ policy forms be filed with and approved by the Department before an insurer can Adeliver, issue, or use@ the policy form. *See id.* art. 3.42 (West Supp. 2003). This article explicitly states that it applies to Lloyds plan insurers. *Id.*[2] The Department is authorized to disapprove the policy form if it (1) violates the insurance code, Department rules, or other law, or (2) contains provisions, titles, or headings which are unjust, encourage misrepresentation, or are deceptive. *See id.* art. 3.42(i).

---

[2] The relevant portion of the statute provides: A[n]o policy, contract or certificate of . . . accident or health insurance . . . shall be delivered, issued or used in this state by a . . . Lloyds . . . unless the form of said policy, contract or certificate has been filed with the [D]epartment . . . .@ Tex. Ins. Code Ann. art. 3.42(a) (West Supp. 2003).

Article 3.53, entitled ACredit Life Insurance and Credit Accident and Health Insurance@[3] imposes greater regulation on one specific type of accident and health insurance.  It regulates credit accident and health insurance, which it defines as Ainsurance on a debtor to provide indemnity for payments becoming due on a specific loan or credit transaction while the debtor is disabled as defined in the policy.@ *See id.* art. 3.53, ' 2B(2) (West 1981).  The section setting out the scope of the article provides:

> All . . . accident and health insurance sold in connection with loans or other credit transactions, the premium for which is charged to or paid for in whole or in part either directly or indirectly by the debtor, shall be subject to the provisions of this [article], regardless of the nature, type or plan of the credit insurance coverage or premium payment system, except [certain enumerated types of policies].

*Id.* art. 3.53, ' 2A(2) (West Supp. 2003).  Article 3.53 goes on to provide a comprehensive regulatory scheme for such policies.  *See generally id.* art. 3.53, '' 1-14 (West 1981 & Supp. 2003).  Similar to article 3.42, article 3.53 requires that insurers file their policies with the Department for approval.  Unlike article 3.42, however, article 3.53 does not provide that it applies to Lloyds plan insurers.

Because article 3.53 does not explicitly state that it applies to Lloyds plan insurers, Service Lloyds is exempt from its provisions.  *See id.* arts. 18.23, 3.53, '' 1-14 (West 1981 & Supp. 2003).  This fact is not disputed.  It is also undisputed that policies governed by article 3.53 are not also governed by article 3.42Cthat is, policies and policy forms are filed and evaluated under either article 3.42 or article 3.53, but not both.  What the parties dispute is whether Service Lloyds must file its credit accident and

---

[3] Section 2A of the article provides that it can be cited as AThe Model Act for the Regulation of Credit Life Insurance and Credit Accident and Health Insurance.@ *See id.* art. 3.53, ' 2A(1) (West 1981).

health insurance policy forms under article 3.42. The Department argues that because a credit accident and health policy is manifestly a type of accident and health policy, the plain language of article 3.42 requires that Lloyds plan insurers file such policy forms under that article. Service Lloyds rejoins that article 3.53 removes *all* credit accident and health policies from the scope of article 3.42, and because article 18.23 exempts Lloyds plan insurers from article 3.53, the legislature must have intended credit accident and health policies written by Lloyds to be completely unregulated. We reject Service Lloyds=s interpretation of the statutory scheme.

Service Lloyds essentially makes two arguments: First, it claims that article 3.42, *by its own terms*, does not cover credit accident and health insurance; then, it claims that, even if article 3.42 does cover credit accident and health policies, it is superseded by article 3.53, which *removes* all such policies from regulation under article 3.42.

In arguing that article 3.42, by its own terms, does not apply to credit accident and health insurance, Service Lloyds states that A[i]t is worthy of note that the list of the types of insurance to which [article 3.42] applies, while seemingly comprehensive, does *not* include >credit accident and health insurance.=@ The Department responds that the plain meaning of the term Aaccident or health insurance,@ as used in article 3.42, encompasses Acredit accident and health insurance.@ The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature. *Southwestern Life Ins. Co. v. Montemayor*, 24 S.W.3d 581, 583 (Tex. App.CAustin 2000, pet. denied). If the statute is unambiguous, we are required to seek this intent in the plain and common meaning of its words and not elsewhere. *Id*. Implications of statutory intent are forbidden if the legislature=s intent can be gathered from a reasonable interpretation of the statute as written. *Id.*

**6**

We believe that a plain reading of the terms of article 3.42, using ordinary rules of grammar, indicates that Acredit accident and health insurance@ is simply one type of Aaccident and health insurance.@ As the ALJ observed:

> Based only on the ordinary meanings of the words, . . . it [is] linguistically impossible not to conclude that Acredit accident and health insurance@ issued by a Lloyds is anything other than one type of Aaccident or health insurance@ issued by a Lloyds. ACredit@ is simply a modifier. So according to its ordinary meaning, Acredit accident and health insurance@ would be subject to article 3.42=s form-approval requirement.

Additionally, although the insurance code contains no provision defining Aaccident or health insurance@ in article 3.42, the definitions found elsewhere in the code support the ALJ=s reading. The definitions applicable to chapter three of the insurance code define Aaccident insurance company@ as a corporation doing business that involves the payment of money or other thing of value conditioned on the injury, disablement, or death of persons resulting from traveling or general accidents. *See* Tex. Ins. Code Ann. art. 3.01, ' 2 (West 1981). A[H]ealth insurance company@ is similarly defined as a corporation doing business that involves the payment of money or other thing of value conditioned upon loss by reason of disability due to sickness or ill health. *See id.* art. 3.01, ' 3. As noted above, section 3.53 defines Acredit accident and health insurance@ as insurance on a debtor to provide indemnity for payments becoming due on a specific loan or credit transaction while the debtor is disabled as defined in the policy. *See id.* art. 3.53, ' 2B(2). Based on these definitions, we conclude that because credit accident and health insurance involves the payment of something of value conditioned upon a loss by reason of disability, credit accident and health insurance is a type of accident or health insurance.

Service Lloyds does not argue that "accident or health" insurance has a special technical meaning in the industry that would exclude "credit accident and health insurance" from its scope. We conclude that article 3.42, by its own terms, covers credit accident and health policy forms.[4]

Service Lloyds=s second argument is that because article 3.53 is a comprehensive statute specifically covering credit accident and health insurance, it supersedes article 3.42. It claims that article 3.53 is the *only* statute covering credit accident and health insurance, Service Lloyds is exempt from article 3.53, and therefore the credit accident and health policies it writes are not subject to any regulation. We reject this argument.

Because Service Lloyds is not subject to article 3.53, it cannot rely on that article to exempt it from article 3.42. In enacting article 3.53, the legislature stated: "[t]he purpose of this [Article] is to promote the public welfare by regulating credit life insurance and credit accident and health insurance." *See*

---

[4] Service Lloyds does make one additional argument. Article 3.42 provides that "[e]ach individual accident and sickness policy application form, which is required to be or is attached to the policy, shall comply with the rules and regulations of the commissioner adopted under Subchapter G of this chapter." *Id.* art. 3.42(b) (West Supp. 2003). Subchapter G, in turn, does not apply "to credit accident and sickness insurance policies written under article 3.53 of this code. . . . *Id.* art. 3.70-1(C) (West Supp. 2003). Service Lloyds claims that this provision explicitly exempts it from article 3.42. We reject this argument because it is undisputed that 3.53 *does not apply to Service Lloyds*. As we explain below, Service Lloyds cannot use an article that is totally inapplicable to it to gain an exemption from an article that, by its plain language, does apply.

*id.* art. 3.53, ' 1 (West 1981).  Thus article 3.53 is a comprehensive regulatory scheme that provides more regulation than article 3.42.  Service Lloyds asks us to infer that while simultaneously seeking to provide more regulation over credit accident and health policies, the legislature also sought to exempt Lloyds plan insurers from any regulation over such policies.  We find no indication that, in enacting article 3.53, the legislature intended to reduce the regulation of insurance companies falling outside its scope.  If the legislature intended to remove Lloyds insurers writing credit accident and health insurance from any regulation, it could have said so.  It did not subject Lloyds plan insurers to the more comprehensive regulatory scheme deemed necessary for other insurers providing credit accident and health insurance in article 3.53, but neither did it delete Lloyds from the application of the less stringent scheme applicable to all accident and health insurance in article 3.42.  In short, by not including Lloyds plan insurers in article 3.53, the legislature left Lloyds= credit accident and health policy forms subject to regulation under article 3.42.  The choice to exempt Lloyds plan insurers from complying with the more comprehensive requirements of article 3.53 simply cannot be construed as a choice to exempt such insurers from article 3.42, which by its plain language applies to all accident and health insurance and specifically applies to Lloyds.

**CONCLUSION**

Lloyds plan insurers are subject to regulation under article 3.42 of the insurance code.  This article covers all accident and health policies.  Lloyds credit accident and health policy forms are not made exempt from this statute by the fact that other insurers writing credit accident and health policies must comply with the more onerous alternative regulatory scheme found in article 3.53.  We affirm the judgment of the trial court affirming the Department=s order.

9

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   May 22, 2003